James M. BRESNAHAN, Administrator of the Estate of Margaret M. Bresnahan, Plaintiff,

v.

Hon. John F. BASS, Comptroller and Chairman, Mary Lou Mullen, Robert R. Thompson, R. Elliot Scearce, James Cantwell, Joseph A. Campagna, Comprising the Board of Trustees, Employees Retirement System of the City of St. Louis, Defendants.

No. 38136.

Missouri Court of Appeals, St. Louis District, Division Two.

Jan. 31, 1978.

Donald L. Schlapprizzi, Murphy & Schlapprizzi, St. Louis, for plaintiff.

Jack L. Koehr, Robert C. McNicholas, St. Louis, for defendants.

STEWART, Judge.

The trial court, upon petition for review, affirmed the decision of the Board of Trustees of the Employees Retirement System of the City of St. Louis (Trustees) holding that Margaret Bresnahan was not eligible for membership in the Retirement System (System) and not entitled to receive any benefits under the System.

Miss Bresnahan appealed the adverse ruling. During the pendency of this appeal, Miss Bresnahan died and James M. Bresnahan, the Administrator of her Estate, was substituted as the appellant. We shall refer to Miss Bresnahan throughout this opinion as plaintiff.

We must first determine whether this cause is moot by reason of the death of plaintiff. In *Preisler v. Doherty*, 364 Mo. 596, 265 S.W.2d 404, 407[4, 5] (Banc 1954), the court stated:

"A question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy."

Upon the death of an employee covered under the System no benefits are payable to deceased's heirs or to deceased's estate, only the amount of the employee's contributions and the earnings thereon are payable to the beneficiary named by the deceased. If plaintiff is not a participant the amount so determined is payable to her estate.

Our decision will have a practical effect upon the issue of whether the sum due will be paid to the beneficiary named or to the estate of plaintiff. There are also other court reporters in plaintiff's position and a decision at this time will be dispositive of many other controversies.

The trial court prepared extensive findings of fact and well reasoned conclusions of law. We adopt large portions of the findings and conclusions without quotation marks and with minor changes.

Plaintiff was first employed by the City of St. Louis on October 7, 1933. She held various positions with the City until October 1, 1944, when she became an official court reporter of the Circuit Court of the City of St. Louis, a position she held until her death. The salary of an official court reporter is set by the General Assembly of Missouri and is paid in part by State and in part by City funds. On October 18, 1957, the Attorney General of Missouri issued an opinion holding that official court reporters of the circuit courts were not State employees and were not eligible for membership in the Missouri State Employees Retirement System.

The Employees Retirement System of the City of St. Louis was established by ordinance approved March 23, 1960, and became operative on April 1, 1960. Plaintiff was enrolled as a member of the City System from its inception and appropriate payments were deducted from that portion of her pay received from City funds.

On October 26, 1972, the Missouri Court of Appeals, Kansas City District, issued its decision in *Hawkins v. Missouri State Retirement System*, 487 S.W.2d 580. This was a class action brought on behalf of the official court reporters serving the circuit courts and courts of Common Pleas in the State of Missouri. The Court held that court reporters were entitled to participate in the Missouri State Employees Retirement System to the full extent of their salaries whether paid by the State or received from other sources and that the reporters were entitled to "prior membership credit" dating from the commencement of such employment. In accordance with this decision, plaintiff became a member in the State Retirement System with a membership date of October 1, 1944.

After the decision in *Hawkins* the System notified plaintiff that since she was fully

covered under the State System with credit for prior service she was not eligible for membership in the City System. Plaintiff disagreed and filed her request for an application for retirement thus starting in motion the proceedings which are now before us.

The Employees Retirement System of the City of St. Louis was established by Chapter 59 of the Revised Code of the City of St. Louis, 1960. Section 59.010 defines various terms used in the ordinance and provides "(3) Employee shall mean any regular appointive or elected employee of an Employer, whether performing city or county functions, except . . . members of other retirement systems established by ordinance and/or State Statute . . . are excluded." The Board of Trustees denied plaintiff's request for retirement on the grounds that she was excluded under this section of the ordinance.

Plaintiff contended that she had a vested interest in the Retirement System by reason of having at least twelve years of creditable service and having attained age 45 as provided in Section 59.050(5), Revised Code of the City of St. Louis.[1]

Before we can address the merits of plaintiff's claim we must consider the jurisdictional issues raised by the Trustees. They contend that the circuit court was without jurisdiction to entertain plaintiff's petition for review because plaintiff failed to either deliver a copy of the petition or send a copy by registered mail to the Trustees within 30 days after notice of the agency's decision, in violation of § 536.110 V.A.M.S., now Rule 100.04.

Rule 100.04, in relevant part, reads:

"(a) Petition for Review—When Filed

Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of plaintiff's residence within thirty days after the mailing or delivery of the notice of the agency's final decision.

(b) Petition for Review—How Served

* * * No Summons shall issue in such case, but copies of the petition shall be delivered to the agency * * or shall be mailed to the agency * * by registered mail, and proof of such delivery or mailing shall be filed in the case."

The Trustees claim that the Rule requires plaintiff to mail to the Trustees, by registered mail, a copy of the petition within thirty days after the agency delivers its final decision.

■■■ The primary purpose of Rule 100.04(b) is to provide notice to the opposing party that a petition has been filed in order "[t]o eliminate any claim of a denial of due process under the state and federal constitutions." *State ex rel. Day v. County Court of Platte County*, 442 S.W.2d 178, 182[5] (Mo.App.1969). Considering the statutory language in light of this purpose it is apparent that the only time limitation imposed by the Rule is that the petition be filed in the circuit court within the thirty day period. There is no time limitation imposed by subsection (b) of the Rule and this portion of the rule is not violated unless notice is so untimely as to deprive the Trustees of due process. No such violation is shown here. The agency rendered its final decision on June 14, 1975. Plaintiff filed a petition for review on July 9, 1975, well within the only time limitation imposed by the Rule. On that same date, plaintiff sent to the Trustees, by first class mail, a copy of the petition which the Trustees admit receiving on July 11, 1975.

■■ The registered mail provision of the Rule is to provide plaintiff a method of proving that the notice has been given. Here, however, the Trustees admit receiv-

---

1. "If a member with at least 12 years of creditable service and attained age 45 or over at date of termination of his employment and not eligible for early retirement leaves his accumulated contributions, he will have a vested accrued benefit determined and payable under the provisions for early retirement. If he resumes employment with the same or another Employer after one year from termination of employment, he shall be considered a new employee and shall accrue benefits payable at later retirement in addition to his vested accrued benefit."

ing a copy of the petition two days after it was filed in the circuit court, thereby removing the need for such proof.

■ The trial court did not err in overruling the Trustees' Motion to Dismiss for lack of jurisdiction on the grounds the copy of the petition was not mailed by registered mail within 30 days after the agency made its final decision.

■ The System further contends that this Court is without jurisdiction because plaintiff failed to file the record of administrative proceedings within 30 days after filing her petition as required by Section 536.110 RSMo. On August 11, 1975, thirty-two days after the petition was filed, the Court entered an order extending the time to file the transcript to September 12, 1975. This extension was granted upon the ex parte application of plaintiff without motion or notice to the Trustees. The record was filed on August 26, 1975. Section 536.-130 provides the filing of the record within thirty days "or within such further time as the court may allow." The issue is whether the Court had authority to grant the extension on an ex parte application therefor after the original thirty-day period had expired.

Rule 100.06 in part, provides:

"Within thirty days after the filing of the petition or within such further time as the court may allow, the record before the agency shall be filed in the reviewing court."

In *Greene County v. Hermel, Inc.*, 511 S.W.2d 762, 764[2] (Mo.1974) the Court analogized the above Rule to Rule 81.04 which provides that upon filing a timely appeal in an appellate court "[the] failure of the appellant to take the further steps required to secure review within the periods allowed 'does not affect the validity of the appeal, but shall be ground for such action as the appellate court deem appropriate.'" Reading Rule 100.06 in the context of *Greene County v. Hermel* we hold that the timely filing of the transcript of the administrative hearing is not jurisdictional and under the facts in this case the court did not abuse

its discretion in granting the extension of time within which the transcript could be filed and in proceeding to review the action of the Trustees.

As to the merits of plaintiff's claim, she alleges the order of the Trustees of the System denying her eligibility for benefits was unsupported by competent and substantial evidence, was illegal and contrary to law in that her rights had vested; that the Trustees are estopped to deny her benefits and that the action of the Trustees constitutes a taking of her property in violation of Article I Section 10 of the Missouri Constitution 1945 and the Fifth Amendment of the Constitution of the United States. She further alleges the ruling was arbitrary and capricious and an abuse of administrative discretion. This multiplicity of allegations in reality is predicated upon a single issue: Had plaintiff's rights under the Retirement System vested after 12 years of creditable service as a City employee pursuant to Section 59.050(5) Revised Code of the City of St. Louis? Our function on review of an administrative decision is ". . . to determine primarily whether the decision was supported by competent and substantial evidence upon the whole record, whether it was arbitrary, capricious or unreasonable, and whether the [agency] abused its discretion." *Greene County v. Hermel, Inc.*, 511 S.W.2d 762, 768[4, 5] (Mo. 1974). We may not substitute our discretion for that of the agency.

■ Plaintiff cites numerous authorities to support her contention that once an employee's rights under a pension plan have vested, those rights may not be divested by subsequent action or changes in the plan. This is undoubtedly an accurate statement of the law. In adopting this position, plaintiff assumes that since deductions have been withheld from a portion of her salary paid by the City for over twelve years and since she has attained age 45, compliance with the requirements of the vesting ordinance is established. This assumption is unwarranted. The ordinance requires twelve years of creditable service as a City or County employee. Plaintiff does not

meet this requirement since she has been a State employee since October 1, 1944. This is conclusively established by the decision in *Hawkins v. Missouri State Employees Retirement System,* 487 S.W.2d 580 (Mo. App.1972). This was a class action brought on behalf of all official court reporters serving the circuit courts in Missouri. The Court held that court reporters were employees of the State as defined in the Missouri State Employees Retirement System, Section 104.310(15) RSMo., and the reporters were entitled to membership credit commencing with the date of the inception of the Retirement System with credit for prior service. The effect of this ruling is that plaintiff was a participant in the State Retirement System from its inception in 1957 with credit for prior service from October 1, 1944 (Section 104.340 RSMo.).

Since the retroactive effect of *Hawkins* is that plaintiff herein has been a State employee since 1944 and a participant in the State Retirement System since 1957 (with credit for service from 1944), she falls squarely within the exclusion of Section 59.010(3) Revised Code of the City of St. Louis, "members of other retirement systems established by ordinance and/or State Statutes . . . are excluded." Rather than having more than twelve years of creditable service as a City employee so as to bring into operation the vesting provisions of Section 59.050(5), she has not been a City employee since October 1, 1944, and was not a City employee as defined by the ordinance when the City Retirement System went into effect. She had no rights under the System which could be vested.

■ The fact that deductions were made from the City portion of her salary from 1960 until after the *Hawkins* decision cannot create a status which never came into existence, nor a right contrary to the express language of the ordinance. Nor can that fact constitute an estoppel, as alleged by plaintiff, prohibiting the Trustees from denying that she was a City employee as defined by the ordinance.

■ Estoppel arises only where there is an admission, statement or act, inconsistent with the claim afterwards asserted; action by the other party on the faith of such admission, act or statement; and injury resulting from the repudiation thereof. *Peerless Supply Company v. Industrial Plumbing and Heating Company,* 460 S.W.2d 651 (Mo.1970); *Emery v. Brown Shoe Company,* 287 S.W.2d 761 (Mo.1956). Here, the statement upon which both parties relied was the opinion of the Attorney General. A copy of this opinion was sent to the Trustees by plaintiff in 1960 in an effort to obtain credit for the portion of her salary paid by the State. There is no evidence here that plaintiff was led into participation by the Trustees by reason of any act or statement on their part, but rather she solicited such membership and sought to increase the amount of her contribution thereto.

"The Courts all concur in this, that no man can set up another's act or conduct as the ground of an estoppel, unless he has himself been misled or deceived by such act or conduct; nor can he set it up where he knew or had the same means of knowledge as to the truth . . . as the other party." *Land Clearance for Redevelopment Authority of Kansas City v. Dunn,* 416 S.W.2d 948, 951 (Mo.1967) citing *Bales v. Perry,* 51 Mo. 449, 453.

In this case it is apparent that the plaintiff's inclusion in the City Retirement System and the resultant deductions from her salary were based upon a mistake created by the opinion of the Attorney General. It is just as apparent that the mistake was mutual.

Furthermore, the application of the doctrine of estoppel in this case would require the Court to order the Trustees to act against the express definition of the governing ordinance.

"The rule is, that no one can be estopped by an act that is illegal and void, and an estoppel can only operate in favor of a party in a case where there is no provision of law forbidding the party against whom the estoppel is to operate from doing the act which is sought to be carried out

through its operation." *Himmel v. Leimkuehler*, 329 S.W.2d 264, 271[9, 10] (Mo.App. 1959); *Mora v. Hastings*, 416 S.W.2d 642, 646[4] (Mo.App.1967).

Plaintiff's contention that the decision of the Trustees constituted and unlawful taking of her property rights without due process in contravention of the Fifth Amendment of the United States Constitution and Article I Section 10 of the Constitution of the State of Missouri is without merit. The Trustees ordered that all funds deducted from plaintiff's salary by reason of the mutual mistake as to her eligibility for membership in the State Retirement System, plus any earning accumulated thereon, should be returned to her. As have been demonstrated above, plaintiff acquired no rights in the System which were taken from her or denied her. The *Hawkins* case not only held court reporters to be State employees covered by the State Retirement System but specifically held that court reporters were not County (City of St. Louis) employees even to the extent of that part of their salaries paid from County funds. *Hawkins*, supra, at page 586. In relying upon this decision, the Trustees did not take anything from plaintiff, but rather followed the dictates of the Court by holding she had never acquired any rights of membership in the City Retirement System.

Plaintiff never was a member of the City Retirement System and is not entitled to any of the benefits thereunder.

The judgment of the trial court is affirmed.

McMILLIAN, P. J., and REINHARD, J., concur.