STATE of Missouri ex rel. CASS COUN-
TY, Missouri, The Cass County Com-
mission, Virgil W. Carlile, R.J. Claw-
son, and Ross E. Osborn, Relators,

v.

Honorable Joseph P. DANDURAND,
Judge of the Circuit Court of Cass
County, Missouri, Respondent.

No. WD 39840.

Missouri Court of Appeals,
Western District.

Feb. 9, 1988.

Application for Transfer Sustained
May 17, 1988.

Case Retransferred Nov. 15, 1988.

Court of Appeals Opinion Readopted
Nov. 29, 1988.

John C. Milholland, Anderson and Milhol-
land, J. Dennis Laster, Harrisonville, for
relators.

Elvin S. Douglas, Jr., Aaron L. Aurand,
Crouch, Crouch, Spangler and Douglas,
Harrisonville, for respondent.

**ORIGINAL PROCEEDING IN
PROHIBITION**

Before NUGENT, P.J., and
SHANGLER and CLARK, JJ.

CLARK, Judge.

Relators, members of the Cass County
Zoning and Planning Commission, seek to
prohibit respondent circuit judge from pro-
ceeding in a certain cause wherein various
residents of Cass County have petitioned
for review of a special use permit granted
by the commission. Relators contend the
circuit judge was without jurisdiction in the
case because the petition was not timely
filed and because a necessary and indis-
pensable party to the case was not named
or given timely notice. We issued our pre-
liminary writ, which we now quash.

The case originated March 3, 1987, when
the commission, under authority of

§ 64.510, RSMo 1986,[1] and the Cass County Comprehensive Zoning Order of 1973, granted a special use permit to Agnes M. Ryberg for operation of a sanitary landfill. On April 1, 1987, seven adjacent landowners filed a petition for review of the commission order with the circuit court of Cass County. They claimed to have been aggrieved by the commission's decision and asked that the order be reviewed pursuant to § 64.660(2). No notice of filing the petition was given to Agnes Ryberg at that time. The cause was styled, Ronald F. Strong, et al. v. Cass County, Missouri and the Cass County Commission, naming the three commissioners, relators here.

■ The commission responded by moving to dismiss the case and on June 3, 1987, the judge wrote to the parties stating, in effect, that the petitioners' reliance on Chapter 64 was misplaced. He suggested that an amended petition for review be filed under § 536.110 and, failing that, he indicated his intention to sustain the dismissal motion as to Cass County and the individual commissioners.[2]

Responding to the court's letter, the landowners filed an amended petition on June 12, 1987. Two counts were stated, one seeking review under §§ 536.130.2 and .4 and the second asking a writ of certiorari under § 64.660.2. The court struck the latter count, as forecast by its letter to counsel dated June 3, 1987. The court also indicated that it considered the remaining count of the amended petition to be timely in view of the original commencement date of the suit.

■ Relators first contend that the petition count under which the court below intends to proceed is jurisdictionally deficient because no action to review the order of the commission under Chapter 536 was

commenced within thirty days of the order. They argue that petitioners below may not rely on a misconceived remedy under Chapter 64 to avoid the filing limitation. The problems with this contention are twofold.

First, the case was properly commenced as a proceeding under § 64.660.2, *see supra* note 2, and Chapter 536 is applicable only to instruct as to certain details not explicated in Chapter 64. Second, our attention has not been directed to any issues in this case where any conflict appears between the provisions of the two chapters. Despite comments by the trial judge to the contrary, the scope of review under § 64.660.2, which permits examination of the administrative order for "illegality," is no different from that under § 536.140. In sum, the argument over applicability of Chapter 64 or Chapter 536 is irrelevant in the context of this case. Relator's jurisdictional challenge based on timeliness of filing the petition below is rejected.

Relators primarily contend that the trial court is without jurisdiction because the petition below did not name Agnes Ryberg as a party to the review and she was not given timely notice of the commencement of the suit.

■ It is correct, as relators say, that Ryberg was not named as a respondent in the petition which designated the respondents as Cass County and the commissioners. Ryberg was, however, notified that the suit had been commenced. A copy of the petition was mailed to her May 26, 1987. So far as the record discloses, the notice was delivered and there is no indication why she has taken no action to participate or to protect her interests.

As we have previously indicated in respect to the interaction of Chapters 64 and

**1.** All statutory references are to RSMo 1986.

**2.** The trial court's ruling on the dismissal motion was in error. Section 64.660.2 expressly provides the method for review of actions taken under §§ 64.510 to 64.690 and that method is exclusive. *Miller v. Browning–Ferris Industries,* 674 S.W.2d 150 (Mo.App.1984); *American Hog Co. v. County of Clinton,* 495 S.W.2d 123 (Mo. App.1973). To the extent that § 64.660.2 fails to specify procedural detail, as in the matter of a

time limit to file the petition, it is to be read in pari materia with Chapter 536. *Ford v. Boone County,* 654 S.W.2d 169, 171 (Mo.App.1983). Section 64.660.2 still controls, however, in the details it specifies as, for example, in the matter of venue. Thus, the original petition filed by the adjoining landowners properly alleged the statutory ground for the action and the commissioner's motion should not have been ruled as the court's letter indicated.

536, because the former specifies no time limit for commencing the review of an order by the county zoning and planning commission, the details of procedure are supplied by application of § 536.110. *Ford v. Boone County*, 654 S.W.2d 169, 171 (Mo. App.1983).

In pertinent part, § 536.110.2 reads: "No summons shall issue in such case, but copies of the petition shall be delivered to the agency and to each party of record in the proceedings before the agency or to his attorney of record * * *." From this language, it is apparent that the parties to the review proceeding, whether deemed a proceeding under Chapter 536 or Chapter 64, are designated, not by the composition of the review petition, but by the record made before the administrative agency. Exclusive of persons who may be permitted to intervene later on motion, the identity of the petitioners and respondents on review is already set before the petition for review is filed. The caption and allegations of a petition for review of a decision made by a county commission under Chapter 64 neither enlarge nor reduce the composition of the parties to the case.

The foregoing is not a new or recent concept in judicial review of administrative decisions. In *State ex rel. Anderson Motor Service Co. v. Public Service Commission*, 339 Mo. 469, 476, 97 S.W.2d 116, 119 (1936), the court observed:

"Under the Public Service Act, the circuit court exercises a jurisdiction in its nature derivative or appellate, rather than original." *Lusk v. Public Service Commission*, 277 Mo. 264, 273, 210 S.W. 72, 75 [4–7]. For these reasons it appears to us not unreasonable that the statute should require, as we think it does, that the parties who appear before the commission and are interested in its orders and decisions, shall keep themselves informed and take notice, without formal notification and summons, of the further proceedings which, by express provisions of the statute, may ensue for reviewing the order or decision of the commission.

We do not say that a party to a proceeding before an administrative body need not be notified that judicial review has been instituted. Indeed, if no notice were given and the cause proceeded to a disposition affecting a property right of a party who had participated in the cause before the administrative body, due process rights would be infringed. *State ex rel. Monsey–Feager/Rouse–Waites v. McGuire*, 510 S.W.2d 449, 452 (Mo. banc 1974). Notice, however, is a different matter from the command of a complaint and summons and will be adequate if the party is made aware of the proceeding in sufficient time to prepare, appear and be heard.

In the present case, Agnes Ryberg was a party to the suit for judicial review of the order granting the special use permit, not by reason of the caption or allegations of the petition filed in the circuit court, but because she was a party to the proceeding before the commission. The action in the circuit court was a continuation of the case heard by the commissioners. Any due process rights of Ryberg were satisfied by notice given her, there being no complaint that the notice was not in sufficient time for her to have appeared and represented her interests before the circuit court. We therefore conclude that failure to name Agnes Ryberg as a respondent in the petition for review was not a jurisdictional defect.

■ Assuming that Ryberg was a party to the case, irrespective of the content of the petition for review, relators contend the notice given May 26, 1987 was untimely and deprived the court of jurisdiction over the case. The argument apparently is that the thirty day limitation in § 536.110 is also applicable to notice of commencement of suit. The contention is wholly one referrable to the provisions of the statute because relators are without standing to advance any due process complaint or assertion of prejudice suffered by Ryberg.

In *Bresnahan v. Bass*, 562 S.W.2d 385, 388 (Mo.App.1978), the court answered the same argument by saying that the only requirement of the thirty day limitation is that the petition be filed within that period. A violation of the statute occurs only if the notice is so untimely as to constitute a

deprivation of due process. *Id.* As we have already indicated, no such complaint is made here, nor could it be.

Relators cite and rely on *State ex rel. Day v. County Court of Platte County*, 442 S.W.2d 178 (Mo.App.1969), a case which requires discussion in light of the foregoing content of this opinion. In *Day*, one McCollem had applied for and been granted rezoning by the county court. A petition for judicial review under § 64.660.2 was filed by adjacent landowners December 19, 1967 and notice of the petition was given McCollem January 13, 1968. The petition did not name McCollem as a defendant. Later, on motion by petitioners, McCollem was joined as a party, but the trial court subsequently dismissed the suit because the notice given McCollem was more than thirty days after the county court had granted the rezoning.

On appeal, this court sustained the order of dismissal. Citing "58 Am.Jur. page 1073, Sect. 253", the court stated that McCollem was a "necessary and indispensable party." *Day*, 442 S.W.2d at 182. The opinion went on to say that § 536.110 requires the giving of notice to parties of record in the review proceeding "to eliminate any claim of a denial of due process under the state and federal constitutions." *Id.* Although the opinion is less than explicit in setting out the basis for the result reached, it must be concluded that the affirmance of the dismissal amounted to a holding that the petitioners for review failed to meet a jurisdictional requisite either because McCollem was not named as a defendant in the suit, or because he was not notified within thirty days of the zoning order that the petition had been filed, or both.

The use of the terms necessary party and indispensable party in the context of these cases is unfortunate because it tends to obscure the details of procedure. Omission of a necessary party may, in some cases, result in a disposition which is jurisdictionally valid but practically useless because the omitted party is not bound. In other cases, the result may be facially conclusive on the omitted party but vulnerable on a claim of denial of due process. Some recognition of this situation appears in the later revision of the text in 82 Am.Jur.2d *Zoning and Planning* § 350 (1976).

To the extent that *Day* is cited as controlling in disposition of the present case, we decline to follow it. The authorities cited in this opinion establish, and we reaffirm the propositions, that a petition for review under §§ 64.660.2 and 536.110 is not jurisdictionally deficient for failure to name all parties who appeared in the proceeding before the administrative body, nor is it necessary that all such parties be notified of the filing of the petition within thirty days following rendition of the administrative decision.

It may well be that the intent of *Day*, not made clear in the text of the opinion, was not in conflict with this conclusion. The aggrieved owner, McCollem did complain of prejudice suffered by reason of delayed notice to him of the review petition. He apparently had suffered losses because he had contracted for use of the property between the date when the rezoning would otherwise have become final and the date he was notified the petition had been filed. Timely notice sufficient to satisfy due process is not a matter for rigid limits but will vary from case to case. It is consistent with our holding here that a party may always assert a claim that lack of notice prejudiced his rights in the cause.

The trial court in the present case is entitled to proceed to review the order of relators, albeit under the authority of § 64.660.2, and the preliminary writ is therefore quashed.

All concur.