**STATE ex rel. James B. HERD, and Oak Bluff Preserve, a limited partnership, Relators–Appellants,**

v.

**ST. CHARLES COUNTY COMMISSION, Defendant–Respondent.**

No. 53241.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 31, 1989.

Randy M. Smith, St. Louis, for Oak Bluff Preserve.

James B. Herd, St. Louis, pro se.

Daniel G. Pelikan, County Counselor, St. Charls, for defendant-respondent.

REINHARD, Judge.

Relators appeal from the order of the circuit court dismissing their petition, which sought review of the St. Charles County Commission's (the "County Commission") approval of an application to rezone a tract of land. We reverse and remand.

In their petition, relators alleged the following: they were owners of property within 1000 feet of the tract of land which was rezoned; the rezoned land was owned by First National Bank of Belleville (the "Bank") in trust and was under contract of sale to Dean Jackson; on April 9, 1986, Jackson filed an application for rezoning with the Planning and Zoning Commission of St. Charles County, requesting the land be rezoned from classification A–2 to R–1C; after a hearing, the Planning and Zoning Commission approved the application on June 4; the application was presented to the County Commission on June 19, and counsel for relators filed 13 written protests against the application; on August 21 the County Commission approved the application.

Relators filed the petition for a writ of certiorari on September 19, 1986, naming the County Commission as the sole respondent. In the petition, relators alleged four grounds challenging the legality of the County Commission's action. The County Commission filed its answer on October 22. On February 6, 1987, relators filed a motion for leave to amend their petition to join the Bank and Jackson as additional respondents, and on March 27 they filed with the court proof that copies of the petition had been sent by registered mail to the Bank and Jackson on March 24 and 25.

On March 4 the County Commission filed a motion to dismiss relators' petition because relators failed to join necessary and indispensable parties, the Bank and Jackson, the record owner of the land to be rezoned and the rezoning applicant, within the 30–day period for filing a petition for judicial review of an administrative decision. The County Commission alleged this failure was jurisdictional, barring relators'

petition. On April 28 the court granted the motion to dismiss and denied relators' motion to amend.

Accepting the argument in the County Commission's motion to dismiss, the trial court relied on *State ex rel. Day v. County Court of Platte County*, 442 S.W.2d 178 (Mo.App.1969). Recently, in *State ex rel. Cass County v. Dandurand*, 759 S.W.2d 603 (Mo.App.1988), the Western District Court of Appeals reexamined *Day*. The facts in the case at bar are generally the same as those in *Dandurand*. The parties have been given the opportunity to distinguish *Dandurand* and have failed to do so.

In *Dandurand*, the court, relying on *Bresnahan v. Bass*, 562 S.W.2d 385, 388 (Mo.App.1978), held:

> The authorities cited in this opinion establish, and we reaffirm the propositions, that a petition for review under §§ 64.660.2 and 536.110 is not jurisdictionally deficient for failure to name all parties who appeared in the proceeding before the administrative body, nor is it necessary that all such parties be notified of the filing of the petition within thirty days following rendition of the administration decision.

*Dandurand*, 759 S.W.2d at 606. In light of the *Dandurand* holding, we believe the trial court erred in dismissing relators' petition.

REVERSED AND REMANDED.

CRANDALL, P.J., and CRIST, J., concur.