John J. REIFSCHNEIDER, Appellant,

v.

CITY OF DES PERES PUBLIC
SAFETY COMMISSION,
Respondent.

No. 71256.

Supreme Court of Missouri,
En Banc.

Sept. 8, 1989.

Michael A. Gerritzen, St. Louis, for appellant.

Eugene K. Buckley, Thomas L. Fiala, Kevin M. O'Keefe, St. Louis, for respondent.

RENDLEN, Judge.

John J. Reifschneider, employed by the City of Des Peres as a fireman and policeman, petitioned the circuit court under the terms of § 536.100, RSMo 1986, for judicial review of a decision of the city's Public Safety Commission.[1] In that petition, Reifschneider alleged he filed a workers' compensation claim when injured in the course of his employment but the city improperly set off his compensation benefits against his city sick leave pay and further, delayed returning him to duty. Reifs-

---

1. Section 536.100 provides for judicial review of a "final decision in a contested case." A "contested case" is defined as "a proceeding before an agency in which the legal rights, duties or privileges of specific parties are required by law to·be determined after hearing," § 536.010(2), and an."agency" is defined as "any administra-

tive officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." § 536.010(1). The parties agree that this is a contested case governed by §§ 536.100 to 536.140, RSMo 1986.

chneider further alleged that on learning of this action by the city, he petitioned the respondent, seeking there a reversal of the city's action.

After a hearing before the Public Safety Commission, a decision was rendered by the commission on November 2, 1987, denying Reifschneider's claim and approving the actions of the city. Within the month, on November 30, appellant filed his timely [2] Petition for Review captioned "John J. Reifschneider, Petitioner, vs. City of Des Peres Public Safety Commission, Respondent" in the Circuit Court of St. Louis County.[3]

Respondent moved to dismiss, alleging failure of the petition to state a claim upon which relief could be granted and want of jurisdiction because petitioner failed to file a valid petition within the time allowed by law. These challenges were predicated upon the petition's failure to set forth in the caption the names of the individual commission members. In this connection we note that the individual commissioners who participated in the decision were named in the body of the petition for review and it goes without saying that the respondent is indeed the agency involved and its individual members are identified. The trial court granted the motion to dismiss, stating that petitioner failed to join all necessary parties and did not file a proper petition within the thirty days allowed by § 536.100. Following affirmance in the court of appeals, transfer was granted and the cause is determined as though on original appeal. Mo. Const. art. V, § 10. We reverse and remand.

Respondent, citing among others, *Parker v. Unemployment Compensation Commission*, 358 Mo. 365, 214 S.W.2d 529, 533–34 (1948), and *American Fire Alarm Co. v. Board of Police Commissioners of Kansas City*, 285 Mo. 581, 227 S.W. 114, 121 (1920), contends the City of Des Peres Public Safe-

ty Commission is not a legal entity subject to suit as such, and accordingly the individual commission members should have been named in the caption of the petition. *Parker* is representative of a line of authority concerning this Court's original appellate jurisdiction in cases where a state officer was a named party. Mo. Const.1945, art. V, § 3 (amended August 4, 1970). There it was held that if the administrative agency was a legal entity, and thus a proper party rather than the individual state officers, the cause in such instance did not fall within the scope of this Court's original appellate jurisdiction. On the other hand, cases such as *American Fire Alarm* address quite another question; i.e., whether a particular administrative body may initiate or be named as a defendant in a civil suit *originating* in the trial court.

We find neither line of cases controlling on the question of whether the commission, rather than its individual members, was properly named as respondent in this *petition for review* of the commission's own decision. In this context a determination that the commission is or is not a legal entity within the meaning of the former constitutional provision, art. V., § 3 (amended August 4, 1970), does little to assist in the problem of interpreting the provisions of the statute here under consideration.

A petition for review under § 536.100 is quite different from an independent action originating in the trial court in which the respective parties must necessarily possess the capacity to sue or to be sued. In this § 536.100 proceeding, the action had been commenced at the city level and worked its way through the administrative process, culminating in a reviewable decision by the City Public Safety Commission. The commission was in fact an active participant in the administrative proceedings. It was before that agency of

---

**2.** Section 536.110.1 requires that proceedings for review must be instituted within thirty days after the mailing or delivery of the notice of the agency's final decision.

**3.** The petition also purported to seek relief under § 287.100, RSMo 1986, which provides a

cause of action when an employer discriminates against an employee for exercising his rights under workers' compensation law. We do not reach nor decide the efficacy of that claim nor the propriety of its inclusion as a facet of the petition for review.

the city that the conduct of the city was judged and it was from a final decision of that agency that a mechanism for review is provided by § 536.100. Under the statute, whether *vel non* the commission is an independent legal entity is irrelevant. Reifschneider, as the aggrieved party seeking judicial review of the commission's final decision, did so in a manner consistent with that intended by the legislature, and cannot be said to have erred in naming the commission as the respondent in his petition for review.

Though it may be common practice to name the individual members of the commission in the caption, we hold that the action taken here did not deprive the circuit court of jurisdiction so as to preclude its entertainment of the petition for review. Reifschneider and the commission as an agency of the city are the contestants involved in this judicial review proceeding and are the parties properly named in the caption of the petition consistent with Rule 55.02.[4] There are no other parties directly involved and in the posture of this case the commission in effect represents the interests of the city. Section 536.110, which governs the filing of the petition, is silent as to the form it should take.

■ Assuming *arguendo* appellant failed to name a party in his petition, it has recently been held in *State ex rel. Cass County v. Dandurand*, 759 S.W.2d 603, 605 (Mo.App.1988), that such defect does not necessarily deprive the trial court of jurisdiction. There, members of the Cass County Zoning and Planning Commission sought to prohibit the respondent circuit judge from proceeding in a cause where a number of county residents had petitioned for review, pursuant to § 64.660(2), of a special use permit granted by the commission. Relators argued the circuit court was without jurisdiction because the petition failed to name and give notice to a necessary and indispensable party. In refusing the requested writ the court of appeals noted that § 64.660(2), which provides the

method for judicial review of the County Zoning Commission's order, is to be read *in pari materia* with Chapter 536 to the extent it failed to specify procedural detail. The court pointed to the provision of 536.-110.2 which requires no summons in such review proceedings but only that copies of the petition be delivered to each party of record. Here, as in *Cass County*, the record was made before the administrative agency and the petition referencing that agency's record was sent to the commissioners who heard the case [5] as well as the appropriate officers of the city. It was correctly stated in *Cass County* that "the action of the circuit court was a continuation of the case heard by the commissioners." *Id.* at 605. There the failure to name one Agnes M. Ryberg, the party to whom the commission had granted the special use permit, was considered by the court and it was properly decided that this did not constitute a defect which denied the trial court jurisdiction to proceed with the cause. Further, any procedural due process rights of Ryberg were satisfied by notice given her. *See also State ex rel. Herd v. St. Charles County Commission*, 764 S.W.2d 505, 506 (Mo.App.1989). In the case at bar, a copy of the petition was sent to each commissioner who heard the case, as well as the city attorney, the city administrator, and the director of public safety. Service upon these persons fulfills the requirements of § 536.110.2, which provides:

No summons shall issue in such case, but copies of the petition shall be delivered *to the agency and to each party of record* in the proceedings before the agency or to his attorney of record, or shall be mailed *to the agency and to such party* or his said attorney by registered mail, and proof of such delivery or mailing shall be filed in the case.

(Emphasis added.) Similarly, Supreme Court Rule 100.02, relating to judicial review of administrative decisions, requires that the appellant shall serve a copy of the petition for review on the agency. The

---

4. Rule 55.02 in pertinent part states that "[i]n the petition, the title of the civil action shall include the names of the parties."

5. All three commissioners were present at the hearing, but one was replaced after the hearing and before the time of the decision. Thus the final decision was rendered by only the two who heard the cause and remained as members.

**4**

clear purpose of the statute and of the rule is to provide notice to the other party or parties that a petition has been filed, as well as the nature of the claim, sufficient to satisfy due process requirements. *Bresnahan v. Bass*, 562 S.W.2d 385, 388 (Mo. App.1978). The procedure followed here adequately met this goal. Service upon the interested parties adequately noticed the city and the commission of the pendency of the petition for judicial review and the terms of that petition made clear that proceeding was a continuation of the case heard by the commission. Respondent's contention that the new commissioner should have been served suggests that petitioners must moment by moment monitor every change in the composition of the commission,[6] and, while not required, a copy of the petition may be sent to such new commissioner without disturbing the circuit court's jurisdiction.

The judgment of the trial court dismissing appellant's petition is reversed and the cause remanded with direction that the petition be reinstated for further proceedings thereon.

All concur.

---

**6.** In *American Fire Alarm Co.*, 227 S.W. at 121, where the names of the individual police commissioners were named in the body of the petition but not in the caption, this Court stated that such mention of the commission members in the body of the petition was insufficient to authorize them to be served with process. To the extent that this language is inconsistent with the present opinion, it is no longer to be followed.