Thomas HUBBARD and James Hubbard, Plaintiffs–Appellants,

v.

BOARD OF ADJUSTMENT OF the CITY OF ST. LOUIS, Defendant–Respondent.

No. 55078.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 17, 1989.

Peter Chulick, St. Louis, for plaintiffs-appellants.

Robert C. McNicholas, Associate City Counselor, St. Louis, for defendant-respondent.

REINHARD, Judge.

Plaintiffs appeal from the trial court's order granting defendant's motion to dismiss. We reverse and remand.

Plaintiffs filed a Petition for Administrative Review and for Writ of Certiorari challenging defendant's ruling that plaintiffs' use of their property violated the City's zoning ordinances. The petition named the Board of Adjustment of the City of St. Louis (Board) as defendant. Agreeing with the reasons stated in defendant's motion to dismiss, the court found "that the 'Board of Adjustment' is not a suable entity pursuant to § 89.110, RSMo and that the failure to properly name the individual members of said board is jurisdictional." Consequently, the court granted defendant's motion.

The resolution of this case is governed by our Supreme Court's recent pronouncement in *Reifschneider v. City of Des Peres Public Safety Commission,* 776 S.W.2d 1 (Mo. banc 1989). Although *Reifschneider* involved a petition for review under § 536.100, RSMo 1986, and this is a certiorari proceeding under § 89.110, RSMo 1986, the relevant principle is the same. Because this proceeding is in the nature of administrative review, and not an independent action originating in the trial court, there is no requirement that individual members of the board be named as parties. *Reifschneider,* at 2–3.

Accordingly, the judgment of the trial court dismissing plaintiffs' petition is reversed and the cause remanded with direction that the petition be reinstated for further proceedings thereon.

GARY M. GAERTNER, P.J., and CRIST, J., concur.