DRURY DISPLAYS, INC., Appellant,

v.

BOARD OF ADJUSTMENT OF the CITY OF ST. LOUIS, Respondent.

No. 54230.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 14, 1989.

Steven Hamburg, Bryan L. Hettenbach, St. Louis, for appellant.

Robert C. McNicholas, James J. Wilson, Elkin Kistner, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Drury Displays, Inc., appeals from a ruling of the Circuit Court for the City of St. Louis dismissing its petition for review of four decisions by the City of St. Louis Board of Adjustment. On appeal, appellant argues that the trial court erred in holding that the Board of Adjustment is not a legal entity capable of being sued, and that it was too late to convert the petition to a writ of certiorari because it was not properly verified and could not "reach back" and bestow jurisdiction.

Appellant requested that the Board of Adjustment grant four permits to construct two outdoor advertising devices on Prospect, one on South Broadway and one on Lafayette in the City of St. Louis. On July 28, 1987, the Board issued its decision denying all four requests. On August 21, 1987, appellant filed four petitions for review in the St. Louis Circuit Court. On October 7, 1987, the Board filed motions to dismiss the four petitions alleging that the Board was not a suable entity, the petitions incorrectly sought review pursuant to RSMo § 536.110 (1986) rather than RSMo § 89.110 (1986), and that the petitions failed to fulfill the basic due process requirements of notice and hearing. On November 20, 1987, the court sustained all four of the Board's motions to dismiss. In overruling appellant's motion to reconsider the court held that the Board was not a legal entity capable of being sued and an amended duly verified petition pursuant to RSMo § 89.110 (1986) could not "reach back" and bestow jurisdiction. *See Kelly v. City of St. Louis Board of Adjustment,* 745 S.W.2d 177 (Mo. App.,E.D.1987).

■ The trial court clearly erred as to the second basis for dismissal in light of the recent holding in *Drury Displays, Inc. v. Board of Adjustment of the City of St. Louis,* 760 S.W.2d 112 (Mo. banc 1988). In *Drury,* the Missouri Supreme Court held that the verification required by RSMo § 89.110 (1986) could be supplied by amendment. *Id.* at 114–115. The petition filed pursuant to § 536.110 should not have been dismissed by the court so long as the petition substantially complied with the requirements of § 89.110. *See State ex rel. Walmar Investment Co. v. Mueller,* 512 S.W.2d 180 183 (Mo.App.,St.L.D.1974); *Ruedlinger v. Long,* 283 S.W.2d 889, 890 (Mo.App.,St.L.1955). Therefore, appellant would be allowed to file an amended duly verified petition pursuant to § 89.110 that would relate back to the filing of the original petition. We now address the issue of who must be named as defendant in order to confer jurisdiction.

■ The petition named the Board of Adjustment as the defendant without also naming each individual board member. Respondent contends that, since the Board is not a corporation, quasi corporation, or a natural person, it is therefore not a suable entity.

In *Reifschneider v. City of Des Peres Public Safety Commission,* 776 S.W.2d 1 (Mo. banc, 1989) the petition similarly did not name the individual members of the Public Safety Commission of Des Peres as defendants. The Missouri Supreme Court, nonetheless, held that the failure to name the individual commission members did not deprive the trial court of jurisdiction. *Id.* at 2–3. The *Reifschneider* court pointed out that the action was a review of the proceedings before the Commission and not an independent action which originated in the trial court. *Id.* at 2. Therefore, the general requirement that a named party possess the capacity to sue or be sued was not applicable. *Id.*

The case at bar is no different. The appellant correctly named as defendant the very agency from which he sought review. This judicial proceeding was merely a continuation of the action appellant commenced to construct outdoor advertising. Appellant's failure to name the individual board members did not deprive the court of jurisdiction.

We do note that in *Reifschneider* the petition itself contained the names of the commissioners and that a copy of the petition was sent to each commissioner who participated in the decision, the city attorney, the city administrator, and the director of public safety. *Reifschneider*, at 3. The Supreme Court held that this satisfied the requirement of RSMo § 536.110.2 (1986)[1] that a copy of the petition be "delivered to the agency and to each party of record...." *Reifschneider*, at 3–4. In the case at bar, a copy of the petition was sent only to the secretary of the Board of Adjustment. Nonetheless, we find this also to be sufficient.

Supreme Court Rule 100.02 requires that petitions for judicial review of administrative decisions be served on the agency involved. The purpose of this rule and of RSMo § 536.110.2 is to provide notice to the parties involved that review is sought and to inform them of the nature of the claim sufficient to satisfy due process. *Reifschneider*, at 3–4. While a copy of the petition was not sent to each board member in this case, we note that neither RSMo § 536.110 nor Rule 100.02 specifically require that a copy be sent to each decision maker. We find that the copy of the petition which was sent to the secretary of the Board of Adjustment was proper notice of appellant's intent to seek judicial review of the Board's decision.

Since we find that the petition was properly filed pursuant to § 89.100 and that the trial court had jurisdiction, we reverse and remand the cause with the instruction that the petition be reinstated for further proceedings thereon.

GRIMM, P.J., and KAROHL, J., concur.

---

**1.** While this case is governed primarily by Chapter 89, we have held that RSMo Ch. 536 (1986) supplements RSMo Ch. 89 where Ch. 89 does not specifically deal with a particular question. *State ex rel. Henze v. Wetzel*, 754 S.W.2d 888, 893–95 (Mo.App.,E.D.1988). Here, § 89.110 does not address the notice requirement of a petition for review in the circuit court so we look to § 536.110.2.