WILLIAMSBURG TRUCK PLAZA n/k/a Stewart Enterprises, Inc. d/b/a Ray's Car and Truck Plaza, Appellant,

v.

Wayne MURI, Chief Engineer of the State Highway and Transportation Department, Respondent.

No. WD 46537.

Missouri Court of Appeals, Western District.

July 20, 1993.

Jerry L. Suddarth, Suddarth & Koor, O'Fallon, for appellant.

Kim Renee Reid, Jefferson City, for respondent.

Before ULRICH, P.J., and
BRECKENRIDGE and HANNA, JJ.

BRECKENRIDGE, Judge.

Ray's Car and Truck Plaza (Ray's) appeals the trial court's action sustaining the motion to dismiss filed by Wayne Muri. Ray's raises one point on appeal alleging that the trial court erred in sustaining Muri's motion to dismiss because § 226.-100, RSMo Cum.Supp.1992, does not mandate that the sole party to sue or be sued must be the Missouri Highway and Transportation Commission (Commission). Since the parties to a review proceeding under § 536.100 are determined by the record be-fore the administrative agency rather than by the caption and allegations of the petition for review, the Commission was a party to the action in the circuit court. The judgment is affirmed in part and reversed in part and remanded.

Ray's has been in business in Williamsburg, Missouri since 1978. Ray's utilizes two outdoor billboards, which are located in Callaway County along Interstate 70, for advertisement purposes. In March of 1979, Ray's received notice that it was to remove the signs because they were in violation of state statutes regulating outdoor advertising structures. Pursuant to Ray's request for a hearing, a hearing was held before the Commission on March 23, 1988. On January 11, 1991, the Commission issued an order directing the removal of the two signs.

On February 22, 1991, pursuant to § 536.100, RSMo 1986,[1] Ray's filed a petition in the Circuit Court of Callaway County for judicial review of the Commission's order. Ray's petition named as respondent Wayne Muri, Chief Engineer for the State Highway and Transportation Department. Muri filed an answer to Ray's petition and a motion to dismiss. Muri's motion to dismiss contended that Muri was not the proper party to be named in Ray's petition for judicial review. The trial court, after hearing oral argument on Muri's motion to dismiss, found that the proper party was the Commission and dismissed Ray's action for review. Ray's appeals from the trial court's order.

Ray's raises one point on appeal arguing that the trial court erred in sustaining Muri's motion to dismiss and in finding that the Commission was the proper party rather than Muri. Ray's contends that, in a legal proceeding involving the State Highway Department, the statute does not mandate that the Commission is the sole party which can sue or be sued.

Section 226.040 grants the Commission the authority to appoint a chief engineer and to determine his or her responsibilities. Section 226.040 states the following:

**1.** All statutory citations are to Revised Missouri   Statutes 1986, unless otherwise stated.

Under the direction of the commission, the chief engineer shall have general charge and supervision of the state highways and transportation department, and shall perform such duties and have such authority as the commission may designate. The chief engineer, with the consent and approval of the commission, shall appoint and prescribe the duties and authority of an assistant chief engineer and such other engineers, department heads, and other employees as the commission may designate and deem necessary.

Section 226.040 makes it clear that the chief engineer is subordinate to the commission. The chief engineer has only such responsibility and authority as the commission chooses to give him or her.

Consistent with the tone of § 226.040, § 226.580.3, RSMo Cum.Supp.1992, utilizes language which gives the Commission, not the chief engineer, the authority for carrying out the functions related to sign removal. Section 226.580.3, RSMo Cum.Supp. 1992, says that the Commission, not the chief engineer, is to give notice to the owner or occupant of the land on which the unlawful advertising is located and to the owner of the outdoor advertising structure. If an action for administrative review is initiated, review is from the action of the Commission. The statute does not at any time during the portion applicable to unlawful outdoor advertising refer to the chief engineer or any responsibilities the chief engineer has in the process of unlawful advertising removal.

■ Ray's is correct in its contention that the statute does not specifically designate the Commission as the only party which can be named in the petition as the respondent on review. From the overall language of the statute and the record in the instant case, however, it is apparent that the appropriate party to Ray's cause of action for review was the Commission. The record does not indicate that Muri was involved in any of the administrative proceedings in the instant case. The Commission conducted the administrative hearing and issued the order of removal. It was correct that Muri was entitled to be dismissed as a party to the action.

■ Ray's incorrect designation of Muri as respondent in its petition for circuit court review, however, did not deprive the circuit court of jurisdiction. *State ex. rel. Cass County v. Dandurand,* 759 S.W.2d 603, 605 (Mo.App.1988). Because Chapter 226 does not set forth specific provisions for review of the Commission's order, §§ 536.100 through 536.140, which are the general provisions for judicial review of administrative decisions, must be utilized. Rule 100.01; *Bidnick v. Department of Social Services,* 723 S.W.2d 453, 455 (Mo. App.1986). There is a substantial difference between a petition for review under § 536.100 and an independent action which originated in the circuit court. *Reifschneider v. Public Safety Com'n,* 776 S.W.2d 1, 2 (Mo. banc 1989). In a § 536.-100 proceeding, unlike an action originating in the trial court, the action has already worked its way through the administrative process and the parties have been active participants on the administrative level. *Id.* The trial court in a proceeding under § 536.100 does not perform a fact-finding function but, rather, reviews the decision of the administrative body to determine that it is supported by competent and substantial evidence on the whole record, is not arbitrary, capricious or unreasonable, or is not an abuse of the agency's discretion. *Overland Outdoor Advertising v. Mo. State, Etc.,* 616 S.W.2d 563, 566 (Mo. App.1981).

■ The parties to a review proceeding under § 536.100 are designated by the record made before the administrative agency rather than by the composition of the review petition. *Dandurand,* 759 S.W.2d at 605. In *Dandurand,* this court wrote that "[e]xclusive of persons who may be permitted to intervene later on motion, the identity of the petitioners and respondents on review is already set before the petition for review is filed." *Id.* In *Reifschneider,* 776 S.W.2d at 3, the Missouri Supreme Court cited with approval this court's statement in *Dandurand* that the action in the trial

court was a continuation of the case heard before the administrative commission.

There is no statutory language in Chapter 536 which requires that the petition designate any party as a respondent. The caption before the Commission in this administrative proceeding was "In the Matter of Request for Administrative Review of Notice to Remove Outdoor Advertising by Williamsburg Truck Plaza." Although this caption could have been utilized when the petition for review was filed in the circuit court, it would also have been appropriate to name the Commission as respondent.

Section 536.110.2 does provide that a party who was a participant at the administrative level is entitled to recognition of its due process rights in that the party must receive notice that a petition for judicial review has been filed. *Dandurand,* 759 S.W.2d at 605. Section 536.110.2 sets forth the following notice requirements: "No summons shall issue in such case, but copies of the petition shall be delivered to the agency and to each party of record in the proceedings before the agency or to his attorney of record ..." Notice is less formal in a § 536.100 proceeding and is adequate as long as the party is aware of the review proceeding in sufficient time to prepare, appear and be heard. *Id.*

In the instant case, the petition states that Ray's was to serve process upon Muri in his official capacity as the Chief Engineer of the State Highway and Transportation Department. There is nothing in the record to indicate that service was not made in this manner. Section 536.-110.2 requires that copies of the petition be delivered to the agency. The Commission does not argue in its appeal brief that it received inadequate notice or that it was prejudiced by a lack of notice. In fact, the Commission specifically states in its brief, in response to Ray's argument that the Commission was not prejudiced, that "prejudice to the Commission, however, is not the issue." Service upon Muri of the petition was constructive notice to the Commission that a petition for judicial review had been filed. Such notice satisfied the re-

quirements of due process and adequately notified the Commission of the proceeding for judicial review pending in the circuit court.

The Commission was a party to the instant case by virtue of its participation in the administrative proceedings. Since the Commission received notice that Ray's had filed a petition for judicial review, the circuit court's dismissal of the entire action was erroneous. The circuit court should have dismissed Muri as a party and corrected the style of the case. Upon this court's finding that the Commission was a party to the proceeding, the judgment of the trial court dismissing Muri as a party is affirmed and the judgment dismissing Ray's petition is reversed. The cause is remanded for further proceedings consistent with this opinion.

All concur.