STATE ex rel. Dr. Thomas WRENN,
and Citadel Properties L.L.C.,
Respondents,

v.

BOARD OF ZONING ADJUSTMENT OF
KANSAS CITY, Missouri, Appellant.

No. WD 51518.

Missouri Court of Appeals,
Western District.

March 26, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 1996.

Application to Transfer Denied
June 25, 1996.

Patricia R. Jensen, Asst. City Attorney, Kansas City, for appellant.

Kenneth B. McClain, Independence, for respondents.

Before HANNA, P.J., FENNER, C.J., and ELLIS, J.

ELLIS, Judge.

The Board of Zoning Adjustment of Kansas City, Missouri ("the BZA"), appeals from an order of the trial court reversing the BZA's denial of respondents' application for approval of an administrative office building in an area designated as R–5 and its denial of several variances. The BZA presents three points for consideration in this appeal, but the first of these points is dispositive. BZA claims that the trial court lacked jurisdiction over the case because the respondents failed to notify adjacent property owners of the writ of certiorari proceeding. We agree and therefore dismiss the appeal and quash the trial court's order of June 9, 1995.

Thomas Wrenn owns property located at 1780 Citadel Drive in Kansas City, Missouri. Citadel Properties, L.L.C., has entered into a contract with Wrenn to purchase the property. The property is currently zoned R–5, High Apartments. In April 1973, the BZA

granted approval for the use of the property for a medical office building. Although construction on a building was started, the building has never been completed or occupied.

On April 3, 1995, Citadel Properties filed an application with the BZA requesting that it be allowed to finish the building as a general purpose office building. The application also requested variances to the side and rear yard setback requirements as well as a variance to permit parking in the front yard. The requisite notices were published and mailed pursuant to Article IV of the BZA Rules and Regulations, which provides:

> A. Upon acceptance of an application or appeal, it shall be advertised as required by the Zoning Ordinance and a written letter advising of the time and place of the hearing shall be mailed to abutting and adjoining property owners within 185 feet of the subject property thirteen days prior to hearing. . . .

Article VI of the BZA Rules and Regulations provides that both the applicant and the opposition have the right to call and examine witnesses, introduce documentary and physical evidence, cross-examine witnesses, impeach evidence and rebut evidence. Pursuant to these rules, both the respondents and their opponents presented evidence at the hearing concerning Citadel's application.

After hearing the evidence, the BZA voted to deny the respondents' requests. Respondents filed an application for a writ of certiorari in the Circuit Court for review of the BZA's decision. Respondents did not mail notice to the adjacent property owners who appeared at the BZA hearing. The trial court reversed the decision of the BZA and granted approval for an administrative office building and the requested variances. The BZA appeals.

The BZA contends that the trial court erred in entering its order reversing the decision of the BZA because the court lacked jurisdiction as a result of respondents' failure to notify adjacent property owners as required by law. BZA's point is well taken. It is undisputed that the neighboring landowners, who were required to be notified by Article IV of the BZA Rules and Regulations of Citadel's filing with the BZA and the time and place of the BZA hearing, did participate at the hearing before the BZA, but were not notified of the application for a writ of certiorari.

Section 89.110,[1] provides:

> Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any officer, department, board or bureau of the municipality, may present to the circuit court of the county or city in which the property affected is located a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality.

Section 89.110 does not have a notice provision. However, § 89.110 has been held to be in *pari materia* with § 536.110 and the two are to be construed together. *State ex rel. Henze v. Wetzel,* 754 S.W.2d 888, 895 (Mo. App. E.D.1988). Section 536.110.2 provides the following requirement:

> No summons shall issue in such case, but copies of the petition shall be delivered to the agency and to each party of record in the proceedings before the agency or to his attorney of record, or shall be mailed to the agency and to such party or his said attorney by registered mail, and proof of such delivery or mailing shall be filed in the case.

Respondents contend that the adjacent landowners were not parties of record and therefore it was not required that they be notified pursuant to § 536.110. Respondents rely on *Bergsieker v. Schnuck Mkts., Inc.,* 849 S.W.2d 156, 165 (Mo.App. E.D. 1993), to support their contention that a party to an action is a person designated on the record as a plaintiff or as a defendant. However, *Bergsieker* did not involve a Chapter 536 proceeding. Missouri case law is clear that, "[t]he parties to a review proceeding under § 536.100 are designated by the record made before the administrative agency rather than by the composition of the review petition." *Williamsburg Truck Plaza v. Muri,* 857 S.W.2d 534, 536 (Mo.App. W.D.

**1.** All sectional references are to RSMo 1994, unless otherwise indicated.

1993). Furthermore, "Section 536.110.2 does provide that a party who was a participant at the administrative level is entitled to recognition of its due process rights in that the party must receive notice that a petition for judicial review has been filed." *Id.* at 537. Similarly, in *State ex rel. Cass County v. Dandurand,* 759 S.W.2d 603 (Mo.App. W.D. 1988), this court states, "it is apparent that the parties to the review proceeding, whether deemed a proceeding under Chapter 536 or Chapter 64, are designated, not by the composition of the review petition, but by the record made before the administrative agency." *Id.* at 605.

In *Dandurand,* we held that a failure to name all the parties appearing before the Cass County Zoning and Planning Commission in a petition was not jurisdictionally fatal. *Id.* at 606. *Dandurand* is distinguishable, of course, because it did not deal with lack of notice but dealt with failure to name an indispensable party. There is nothing in *Dandurand* that dispenses with the notice requirement. To the contrary, this court stated:

> We do not say that a party to a proceeding before an administrative body need not be notified that judicial review has been instituted. Indeed, if no notice were given and the cause proceeded to a disposition affecting a property right of a party who had participated in the cause before the administrative body, due process rights would be infringed.

*Id.* at 605.

■ Respondents argue that the proper method for the adjacent landowners to become parties is for them to move to intervene in the action. The adjacent landowners' were not provided the opportunity to decide whether to intervene. The issue before us is not one dealing with the propriety of intervention. The issue is one of notification. "Due process does not depend upon fortuitous circumstances but upon proper ritual as outlined by law so that a person's rights may be protected." *Henze,* 754 S.W.2d at 896. The adjacent property owners' due process rights were violated.

■ "The requirement of Sect. 536.110 that notice shall be given to 'each party of record' expresses the intention of the Legislature to eliminate any claim of a denial of due process under the state and federal constitutions." *State ex rel. Day v. County Court of Platte County,* 442 S.W.2d 178, 182 (Mo.App.1969). As noted previously, § § 89.110 and 536.110 are in *pari materia* and must be construed together. Pursuant to these statutory provisions, the petition for review must be filed within thirty days as a jurisdictional requirement. *Henze,* 754 S.W.2d at 895. "Therefore it is jurisdictional that the agency and each party of record be notified personally or by registered mail of the petition for review filed by an aggrieved party." *Id.*

■ If the trial court does not have jurisdiction to determine the issues presented on the merits then an appellate court has no jurisdiction to consider the appeal. *Id.* at 892. Neither consent nor waiver can confer jurisdiction; the court has a duty to make a determination, *sua sponte,* as to its jurisdiction. *Id.*

■ Since the neighboring landowners were parties to the proceeding under § 536.100 as designated by the record before the BZA, *Williamsburg Truck Plaza,* 857 S.W.2d at 536, and were not given notice of the subsequent application for writ of certiorari, the trial court was without jurisdiction to enter its order of July 25, 1995. Therefore, the trial court erred in doing so, the order is hereby reversed, and the writ of certiorari is ordered quashed for lack of jurisdiction.

All concur.