**William MILLER, Marjorie Dudley, Claude Hulen and Julia Hulen, Appellants,**

v.

**BROWNING–FERRIS INDUSTRIES, et al., Respondent.**

**No. WD 34992.**

Missouri Court of Appeals, Western District.

May 29, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 31, 1984.

Application to Transfer Denied Sept. 11, 1984.

James G. Trimble, Parkville, for appellants.

James W. Farley and Becky Ingrum Dolph of Law Offices of James W. Farley, Farley, and Carl H. Helmstetter and James T. Price of Spencer, Fane, Britt & Browne, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

This is a civil action, seeking review of a county planning commission order granting a special use permit for the operation of a sanitary landfill, and for declaratory judgment to determine whether there exists statutory authority for a planning commission in second class counties to issue special use permits. The circuit court dismissed the proceedings upon the finding that petitioners (appellants) lacked capacity to bring this action, because they are not aggrieved parties who have sustained any special injury. This appeal followed.

The parties on this appeal present numerous issues, attacking the findings of fact, conclusions of law, and the judgment of the trial court. Because of the disposition made by this court, only one point presented is taken up and ruled.

In the initial point within their brief, respondents charge that this appeal cannot be maintained because the trial court lacked jurisdiction and hence this court lacks jurisdiction, because appellants failed to follow the required statutory procedure prescribed by § 64.660, RSMo 1978, as amended, for appeals from the decision of the Platte County Planning Commission to issue the special permit in question.

A brief summary of the facts will suffice.

On May 17, 1982, respondents Browning-Ferris Industries of Kansas City, Inc. (hereinafter Browning-Ferris), Frank Douglas, and Riverview Land Association, Inc. (hereinafter Douglas and Riverview respectively) made application before the Platte County Planning Commission (hereinafter Commission) for a special use permit for the operation of a sanitary landfill in Platte County.[1] The landfill is located about four miles west of Parkville, Missouri. Public hearings were held on the application on June 8, 1982 and June 15, 1982 and evidence was presented. At a special meeting on June 22, 1982 by a 9–2 vote, the Commission approved the permit, subject to specified conditions. On September 7, 1982, appellants filed a petition for review in the circuit court of Platte County, asking that the permit be declared void. Respondents, including the Commission, all filed motions to dismiss. The motions of Browning-Ferris and the Commission were based upon appellants' lack of legal capacity to sue, in that appellants were not aggrieved parties who had suffered any special injury. The circuit court heard evidence and oral arguments upon the motions and sustained the motions to dismiss upon a finding that appellants were not aggrieved parties and thus lacked capacity to maintain this action. Both parties in their briefs provide this court with an exhaustive account of the facts developed by the evi-

---

1. The permit sought was in effect a renewal of a permit previously issued for the same location.

dence. Any additional facts pertinent to the disposition of this appeal are disclosed, where applicable, infra.

As noted above, a single issue is taken up and ruled dispositive of this appeal by this court. Respondents challenge not only the jurisdiction of the circuit court, but of this court as well, since such jurisdiction herein, if it exists at all, is derivative of the jurisdiction, if any, within the circuit court. It is the contention of respondents that there being a lack of jurisdiction, this appeal must be dismissed.

Respondents point out the following facts, which find support upon the record. Platte County is a second class county. Pursuant to § 64.510 and § 64.690, Platte County adopted a zoning order, a copy of which was admitted as an exhibit. Respondents direct attention to appellants' petition for review, contending that it was filed pursuant to Chapter 536, RSMo 1978 and Rule 100. A reading of that petition for review reveals within paragraph 5 a reliance upon Chapter 536 and Rule 100.

Respondents direct this court's attention to the form of service of process initiated and secured by appellants. Appellants requested and secured service of process by registered mail as opposed to personal service or any alternative procedure provided under the rules. Respondents urge review of the process of service in further support of their contention that appellants proceeded pursuant to Chapter 536. Respondents are correct, and as can be observed infra, that appellants concede they proceeded pursuant to Chapter 536 and Rule 100, but as noted, appellants contend that they had standing to do so and the circuit court as a result, acquired jurisdiction.

Respondents further contend that § 64.-660 specifically controls in this case because of the following reasons. First, said statute provides for a county board of zoning adjustment, which in addition to other duties, is designated to hear and decide appeals of decisions made by other administrative officials relative to zoning matters. As a reading of the statute discloses, such appeals must be made within three months,

so the statute in that regard is also a statute of limitation.

The parties are in obvious dispute over the meaning and intent expressed in both subsections of § 64.660. Section 64.660 reads as follows:

"64.660. County board of zoning adjustment—members—organization—appeals to, procedure—powers of board (class two and three counties)

1. Any county court which appointed a county planning or county zoning commission and which has adopted a zoning plan, as provided herein, shall appoint a county board of zoning adjustment. The board shall consist of five freeholders and no more than two of whom shall be residents of the incorporated area of the county and not more than one of whom may be a member of the county planning commission or the county zoning commission. The membership of the first board appointed shall serve respectively: One for one year, one for two years, one for three years, two for four years. Thereafter members shall be appointed for terms of four years each. Members shall be removable for cause by the county court upon written charges and after public hearings. Vacancies shall be filed by the county court for the unexpired term of any member whose term becomes vacant. Members of the board shall serve without compensation, but may be reimbursed for expenses incurred for attendance at not more than four meetings per year in an amount to be set by the county court, not to exceed ten dollars per meeting. The board of zoning adjustment shall elect its own chairman and shall adopt rules of procedure consistent with the provisions of the zoning regulations and the provisions of sections 64.510 to 64.690. The chairman, or in his absence the acting chairman, may administer oaths and compel the attendance of witnesses. All meetings of the board of zoning adjustment shall be open to the public, and minutes shall be kept of all proceedings and official actions, which minutes shall be filed in the office

of the board and shall be a public record. Appeals to the board of zoning adjustment may be taken by any owner, lessee or tenant of land, or by a public officer, department, board or bureau, affected by any decision of the administrative officer in administering a county zoning ordinance. Such appeals shall be taken within a period of not more than three months, and in the manner provided by the rules of the board. An appeal shall stay all proceedings in furtherance of the action appealed from, unless the officer from whom the appeal is taken shall certify to the board that by reason of facts stated in the certificate a stay would in his opinion, cause imminent peril to life or property. The board of adjustment shall have the following powers and it shall be its duty:

(1) To hear and decide appeals where it is alleged there is error of law in any order, requirement, decision or determination made by an administrative official in the enforcement of the county zoning regulations;

(2) To hear and decide all matters referred to it or which it is required to determine under the zoning regulations adopted by the county court as herein provided;

(3) Where, by reason of exceptional narrowness, shallowness, shape of topography or other extraordinary or exceptional situation or condition of a specific piece of property, the strict application of any regulation adopted under sections 64.510 to 64.690 would result in peculiar and exceptional difficulties to or exceptional and demonstrable undue hardship upon the owner of the property as an unreasonable deprivation of use as distinguished from the mere grant of a privilege, to authorize, upon an appeal relating to the property, a variance from the strict application so as to relieve the demonstrable difficulties or hardships, provided the relief can be granted without substantial detriment to the public good and without substantially impairing the intent, purpose, and integrity of the zone plan as embodied in the zoning regulations and map.

2. In exercising the above powers, the board may reverse or affirm wholly or partly, or may modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision or determination as ought to be made, and to that end shall have all the powers of the officer from whom the appeal is taken. Any owners, lessees or tenants of buildings, structures or land jointly or severally aggrieved by any decision of the board of adjustment or of the county court respectively, under the provisions of sections 64.510 to 64.690, or board, commission or other public official, may present to the circuit court of the county in which the property affected is located, a petition, duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom. Upon the presentation of the petition the court shall allow a writ of certiorari directed to the board of adjustment or the county court respectively, of the action taken and data and records acted upon, and may appoint a referee to take additional evidence in the case. The court may reverse or affirm or may modify the decision brought up for review. After entry of judgment in the circuit court in the action in review, any party to the cause may prosecute an appeal to the appellate court having jurisdiction in the same manner now or hereafter provided by law for appeals from other judgments of the circuit court in civil cases."

The parties then present conflicting arguments relative to portions of both sections of the foregoing statute.

Respondents direct attention to subsection 2 and argue that said subsection provides that any owner, lessee, or tenant aggrieved by any decision of a board of zoning adjustment or a decision by a county court, board, commission, or other public official, may present a petition charging such decision is illegal, to the circuit court, seeking relief from such decision. Respon-

dent then points to that portion of subsection 2 which allows the circuit court to issue a writ of certiorari directed to the data, record, and action taken. The same subsection, as is obvious from a reading thereof and as pointed out by respondent, authorizes either affirmation, modification, or reversal by the reviewing court.

Continuing, respondent notes that the Platte County Zoning Order was made a part of the record herein. Respondent directs this court's attention to § 9.2–4, p. 42 of the zoning order, which the parties agree seemingly narrows the power of the Platte County Board of Zoning Adjustment to hear only appeals from or relative to decisions rendered by the county enforcement officer. The parties, however, do not agree as to whether the statute, which is much broader in scope relative to the appeal authority of a Board of Zoning Adjustment, is superior in its application when compared with the more restrictive wording of § 9.2–4.

It is respondents' contention that § 64.-660 takes precedence over the zoning order and more particularly, the above subsection. Stated another way by respondents, the county, by and through the wording of the zoning order, cannot take away or diminish the authority of a board of zoning adjustment conferred by statute. It is respondents' position that to do so is a nullity, and respondents cite *State ex rel. Meyer, et al. v. Kinealy*, 402 S.W.2d 1, 4 (Mo. App.1966) and *State ex rel. Sheridan, et al. v. Hudson*, 400 S.W.2d 425, 428 (Mo. App.1966).

From the foregoing position, respondents argue that with the application of the statute in mind, the Platte County Zoning Order delegates the issuance of special permits to the county planning commission. Within such delegation, special use permits for landfills are included. Respondents thus *reason that the Commission herein, in* considering respondents' application, thus acted administratively. In support of this contention, respondents cite to *State ex rel. Missouri Highway and Transportation Commission v. Bank of St. Ann*, 631 S.W.2d 73 (Mo.App.1982), *State ex rel. Steak n Shake, Inc. v. City of Richmond Heights*, 560 S.W.2d 373 (Mo.App.1977), and *Williams v. City of Kirkwood*, 537 S.W.2d 571 (Mo.App.1976). Thus, respondents then conclude, as a consequence of the applicability of § 64.660 to the actions of the Commission herein (i.e., issuance of the permit), any landowner, lessee, or tenant who is aggrieved by such decision in granting the permit must follow the prescribed statutory procedure by filing an appeal with the county board of zoning adjustment within three months of the decision.

Respondents then point out that appellants failed to follow the prescribed statutory appellate procedure (a contention admitted or conceded by appellants), and as a result, appellants have failed to exhaust their administrative remedies and thusly cannot maintain the present action. In support, respondents cite to *County of Platte v. Chipman*, 512 S.W.2d 199 (Mo. App.1974), *Bourke v. Foster*, 343 S.W.2d 208, 211 (Mo.App.1960), and *Hernreich v. Quinn*, 350 Mo. 770, 168 S.W.2d 1054, 1058 (Mo. banc 1943).

Appellants counter the above contentions of respondents by directing this court's attention to a portion of subsection § 64.660. From that subsection, appellants quote portions thereof in the following manner in their brief:

"Section 64.660.1 RSMo allows appeals to the board of adjustment by those 'affected by any decision of the administrative officer in administrating a county zoning ordinance.' It further restricts the board of adjustment to hear and decide (1) appeals from 'any order, requirement, decision or determination made by an administrative officer in the enforcement of the county zoning regulations.' (2) 'all matters referred to it on which it is required to determine under the zoning regulations.' (3) variances from strict application of the regulation because of the condition of a particular piece of property."

Appellants then proceed to point out that the wording of the Platte County Zoning Order of 1972 (paragraph 9.2-4, p. 42) contains very similar language and in no way *broadens* the power of the zoning adjustment board. Appellants then proceed to agree with respondents that the zoning order seemingly limits or narrows the authority of the zoning adjustment board to hear appeals only from or involving the decisions of or from the county enforcement officer.

Appellants then conclude that this instant case is an appeal from a decision of the Zoning Commission and not an "administrative officer" as described within § 64.-660 or an "enforcement officer" as described in § 9.2-4 of the zoning order. Appellants note that the zoning order does not contain any other provision for appeal to the county board of adjustment from a decision of the planning commission.

Appellants then direct attention to subsection 2 of § 64.660, and conclude therefrom that "to bring an action by writ of certiorari is only mandated in appeals from decisions of the board of adjustment or county court. There is no such requirement for appeals from the planning commission."

Following the above, appellants then argue:

"Respondents are interpreting the following sentence from 64.660(2) to apply to appeals from the planning commission. *"Any owners, lessees or tenants of buildings, structures or land* jointly or severally aggrieved by any decision of the board of adjustment or of the county court, respectively, under the provisions of sections 64.510 to 74.690, *or board, commission or other public official,* may present to the circuit court of the county in which the property affected is located, a petition, duly verified, stating that specifying the grounds of the illegality and asking for relief therefrom.' (emphasis added in brief)

A careful reading of that sentence would indicate that 'any owners, lessees or tenants of buildings, structures or land,'——

'or board, commission or other public official' are the parties who may petition the circuit court, rather than only owners, lessees or tenants who are aggrieved by a decision of the commission. The next sentence of 64.660(2) reinforces this position since the circuit court can only allow a writ of certiorari directed to the board of adjustment or county court. 'Upon the presentation of the petition the court shall allow a *writ of certiorari directed to the board of adjustment or the county court,* respectively, of the action taken and date and records acted upon, and may appoint a referee to take additional evidence in the case.' " (emphasis added in brief)

Appellants then draw the conclusion that the original proceedings herein before the county planning commission fall within the definition of a contested case before an administrative agency within the meaning thereof in § 536.010, RSMo 1978, and appeal therefrom under and pursuant to § 536.100, RSMo is proper procedurally. Appellants cite *Steak n Shake, Inc. v. City of Richmond, supra.*

Respondents, in furtherance of their argument, state and concurrently propose the following to this court. Respondents state, "However, if this Court should find that under the language of the statute Appellants were not required to appeal to the BZA (Board of Zoning Adjustment), what would have been the correct procedure for appellants to follow?"

Respondents then suggest, by return reference to subsection 2 of § 64.660 that said subsection supplies the answer. It is the suggestion of respondents that any owners, lessees, and tenants aggrieved by any decision of the BZA, county court or board, commission or other public official, may petition the circuit court for a writ of certiorari. Thus, as a corollary argument, respondents contend even if it is determined that appellants were not required to appeal to the Board of Zoning Adjustment, they were nonetheless required to proceed by writ of certiorari before the circuit court. In support of this contention, respondents

cite to *American Hog Company v. County of Clinton*, 495 S.W.2d 123 (Mo.App.1973).

*American Hog Company* was a case wherein American Hog, as plaintiff, brought an action for declaratory judgment, asking that the circuit court determine its right to operate a hog-felding farm as a nonconforming use. Judgment on the merits was entered in favor of the defendant, Clinton County. This court, in ruling that the case declared that even though the decision by the circuit court, upon the merits, was warranted, the decision on appeal rested upon the plaintiff's failure to properly follow the statutory procedure prescribed by § 64.660. The county planning commission had determined that plaintiff's hog-feeding operation violated the county zoning order. In response, plaintiff filed its action for declaratory judgment. This court ruled that plaintiff's failure to comply with the statutory procedure for the review of the planning commission decision was a jurisdictional matter which this court "must take cognizance, sua sponte, if necessary." *American Hog* at 125. This court, in *American Hog* at 126, went on to declare:

"The procedure so prescribed in § 64.-660 has not been followed by the plaintiff. Instead it has attempted to follow a completely different procedural route, which it claims is authorized by §§ 536.-050 and 527.020. This suit is not authorized by either of those sections.

With regard to § 536.050, declaratory judgments are authorized thereunder respecting the validity of an administrative 'rule' or a threatened application thereof. The term 'rule' is specially defined in § 536.010(4) [V.A.M.S. § 536.010(2)] as including every regulation 'of general application and future effect'. The definition in that subsection (4) [V.A.M.S. subsection (2)] stands in contrast to the definition of 'contested case' in subsection (2) [V.A.M.S. subsection (3)], which is defined as 'a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to

be determined after hearing; * * * " These definitions are substantially identical to those set forth in Rule 100.01.

The determination and order by the Clinton County Planning Commission on September 14, 1970, was part of a 'contested case' rather than a mere 'order' within the meaning of the above definitions. Accordingly, plaintiff's action in filing this declaratory judgment suit was not within the authorization of § 536.050. While the Administrative Procedure Act and Rule 100 do set forth special procedures for review of a 'contested case', those provisions are not pertinent here since § 536.100 and Rule 100.03 provide that these provisions are inapplicable if 'some other provision for judicial review is provided by statute'; and § 64.660 does make 'other provision'."

While ruling the statutory procedure prescribed within § 64.660 was jurisdictional, this court in *American Hog* also acknowledged that portion of § 536.100, RSMo 1978, which declares that review within Chapter 536 is not available if "some other provision for judicial review is provided by statute." This court went on to note that "§ 64.660 does make 'other provisions'."

Appellants herein endeavor to avoid the statutory requisites of § 64.660 by contending that the county zoning order does not prescribe an appeal to the Board of Zoning Adjustment and that the county planning commission should be noted within § 64.-660 as an aggrieved party, and thus, since § 64.660 does not provide for the direction of a writ of certiorari to the commission, the proper remedy for review is within Chapter 536.

■ This court concludes that the circuit court did, in fact, lack jurisdiction in this matter and this appeal must be dismissed for that reason.

■ In reaching that conclusion, it is found by this court that within subsection 2 of § 64.660 and under the proper factual

circumstances, a board, commission, or other public official can be an aggrieved party just as can an owner, lessee, or tenant. This court further finds that within subsection 1 of § 64.660 a board, commission, or other public official, if aggrieved, may appeal to the county board of zoning adjustment just as any aggrieved owner, lessee or tenant. This court rules that this appeal process is mandatory under the ruling in *American Hog*. Following the action, if any, by a board of zoning adjustment, an aggrieved party may present a petition to the circuit court for a writ of certiorari directed to the board of zoning adjustment or county court.

■ The statute, to wit, § 64.660, prescribes the procedure to be followed and the Platte County Zoning Order herein cannot be construed to in any way supercede, modify, alter, or replace the mandatory requirements of the statute.

It follows also that review under Chapter 536 is not allowable herein because of the exclusion for such review provided within § 536.100, RSMo 1978 and Rule 100.03 because § 64.660 "otherwise provides" for judicial review.

The statute, § 64.660, further prescribes that the appeal to the county board of zoning adjustment must be made within three months. The record herein reveals that appellants failed to follow that required procedure. From the ruling in *American Hog*, it follows that the circuit court herein lacked jurisdiction to hear and decide the matter herein.

Nothing in this ruling should be construed as a prohibition against appellants' proceeding if they so choose in a separate action to challenge the authority of second class counties to issue special use permits. That issue is not reached herein because of the particular disposition of this appeal.

Appeal dismissed.

All concur.