**CITY OF ST. PETERS, Missouri, Plaintiff–Appellant,**

v.

**DEPARTMENT OF NATURAL RESOURCES OF the STATE OF MISSOURI, Defendant–Appellant,**

and

**St. Charles County, Missouri, Intervenor–Defendant–Respondent.**

**No. WD 42967.**

Missouri Court of Appeals, Western District.

July 31, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 1990.

Application to Transfer Denied Nov. 20, 1990.

Maxine I. Lipeles, St. Louis, Thomas D. Vaughn, Jefferson City, Rollin J. Moerschel, St. Charles, for plaintiff-appellant.

Stephen G. Jeffery, Christopher M. Kehr, Missouri Dept. of Natural Resources, Jefferson City, for defendant-appellant.

Stephen Allen Martin, St. Charles, Mo., for intervenor-defendent-respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

This appeal is from the circuit court's dismissal of a declaratory judgment action brought by plaintiff-appellant, City of St. Peters, against defendant-appellant, the Department of Natural Resources (DNR). The circuit court dismissed the action for the failure of the City of St. Peters to exhaust its administrative remedies leaving the court without the jurisdiction to hear the action.

On May 23, 1989, the City of St. Peters filed an application with the DNR under the Solid Waste Disposal Act, §§ 260.200–260.245, RSMo 1986, for a permit to operate a solid waste disposal area and recycling and/or resource recovery facility on property owned by St. Peters outside of its city limits in an unincorporated area of St. Charles County, the intervenor-defendant-respondent in the instant action.

The DNR, pursuant to regulation,[1] conducts a completeness review of such applications. After its review of St. Peters' application, the DNR notified the city that its application was being returned as incomplete because the application did not provide adequate evidence of compliance with local zoning and permitting requirements.[2] St. Peters had provided the DNR with opinions of counsel that the property was not subject to the St. Charles County Zoning Code nor was the city required to have a permit from St. Charles for the operation of the proposed facility.

On July 31, 1989, St. Peters filed a two-count petition pursuant to § 536.150.1, RSMo 1986, seeking a declaratory judgment that its proposed facility is exempt from St. Charles County's zoning laws and seeking an injunction directing the DNR to conduct a technical review of its application. On August 17, 1989, St. Charles County was granted permission to intervene. Heatherbrook Home Owners Association also requested leave to intervene but this request was denied.[3] The cause was submitted upon a Stipulation of Facts and Exhibits and a Supplemental Stipulation of Facts, Briefs and Oral Argument.

■ On December 26, 1989, the circuit court dismissed the action on the grounds that St. Peters had failed to exhaust its administrative remedies as set forth in § 260.235, RSMo 1986, rendering the court powerless to consider the matter on its merits as it lacked the jurisdiction to do so. Both the City of St. Peters and the DNR appeal, claiming that the trial judge erred in his dismissal for failure to exhaust administrative remedies. Various other points are also raised in these appeals but will not be reached because the jurisdictional question is dispositive.

The City of St. Peters filed suit, "pursuant to Section 536.150.1, RSMo., for review of the action of DNR in refusing to consider the application...." Section 536.150.1, RSMo 1986, states:

---

1. 10 CSR 80–2.020.

2. 10 CSR 80–2.020(2)(E) requires that all applications contain evidence of compliance with local zoning requirements.

3. Heatherbrook Home Owners Association was allowed to file an Amicus Curiae brief with this court.

**536.150. Review by injunction or original writ, when—scope.**—1. When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may· be properly adduced, and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body, and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed.

The statute quite clearly allows for review in cases where a decision has been rendered by an administrative body and where that decision is not subject to administrative review and no other provision for judicial inquiry exists. In other words, the City of St. Peters must exhaust its rights to administrative review in order to invoke this section.

In the instant case the procedure for administrative review is spelled out in § 260.235, RSMo 1986, where it states that,

"Any person aggrieved by the forfeiture of any financial assurance instrument, denial, suspension, civil penalty or revocation or notice of violation of the permit required by section 260.205 or any disapproval of the plan required by section 260.220, may within thirty days of notice of such action request a hearing." The City of St. Peters and the DNR both argue that the return of the application for incompleteness was not a denial and therefore the review provisions were not triggered by that action. The petition filed by the City of St. Peters belies this assertion, however, as it relies on § 536.150, RSMo 1986, which requires the rendering of a decision to trigger its provisions. The City of St. Peters cannot, on the one hand, assert § 536.150, RSMo 1986, which presumes that a decision has been rendered by an administrative body and, on the other hand, stress the incompleteness of the processing of the application. Appellant is bound to the theory it presented to the trial court; it cannot seek new or different relief on appeal which would change that theory. *Roth v. Phillips Petroleum Co.*, 739 S.W.2d 598, 600 (Mo.App.1987). For the purposes of this opinion then, the action of the DNR in sending the application back to the City of St. Peters constitutes a decision of that agency, in this case a denial of the application. This in turn triggers the provisions for review under § 260.235, RSMo 1986. Only after this channel for review has been exhausted does the trial court have the power to judicially review the administrative action. *See Sperry Corporation v. Wiles*, 695 S.W.2d 471 (Mo. banc 1985).

This is, in any case, the correct designation of the action taken by the DNR. Its action in rejecting the application of the City of St. Peters cannot be characterized as anything but a denial. Section 260.205, RSMo 1986, requires a permit in order for a person to operate a solid waste disposal area. This section gives the DNR sixty days to review the application for completeness. § 260.205, RSMo 1986. The DNR rejected the City of St. Peters' application and returned it stating that, "[b]efore further departmental action will be taken, revisions must be made and four (4) copies of

the new application must be submitted." In other words, the DNR effectively denied the City of St. Peters a permit. It would take no further action on what was submitted to it. Section 260.205.13, RSMo 1986 provides that, "In case a permit is denied or revoked, the person may request a hearing in accordance with section 260.-235." Quite clearly the City of St. Peters failed to exhaust the remedies provided and the trial judge was correct in so holding.

This court's jurisdiction derives from that of the circuit court. *See Ortega v. Ortega,* 695 S.W.2d 162 (Mo.App.1985); *Hart v. Board of Adjustment of the City of Marshall,* 616 S.W.2d 111 (Mo.App. 1981). As the circuit court was without jurisdiction, so too are we without jurisdiction.

For the foregoing reasons the appeal is dismissed.

All concur.