LIFE MEDICAL SYSTEM, INC., d/b/a Pharma Tech Industries, Shilo Company, Dale Noelker, Ruth Noelker, Petitioners/Appellants,

v.

FRANKLIN COUNTY COMMISSION, William Diez, Clifton Schuenemeyer, A.D. Wall, As Members of the Franklin County Commission, Mark Falloon, Franklin County Zoning Enforcement Officer, and J.Z. Disposal, Respondents/Respondents.

No. 58221.

Missouri Court of Appeals,
Eastern District,
Division One.

April 16, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1991.

Application to Transfer Denied
July 23, 1991.

James W. McGettigan, Jr., Washington, for petitioners/appellants.

Deborah J. Tomich, St. Charles, for respondents/respondents.

GRIMM, Judge.

Petitioners appeal from the circuit court's dismissal of their petition for judicial review. The circuit court concluded it did not have jurisdiction. We disagree and remand for further proceedings.

### I.  Background

In 1987, respondent J.Z. Disposal applied to the Franklin County Commission for a conditional use permit to construct and operate a "solid waste transfer facility."  A conditional use permit was required because the proposed facility was to be located within a "Community Development District."

Pursuant to Franklin County's Zoning Order, the County Commission referred J.Z. Disposal's application to the Planning and Zoning Commission.  Following a hearing, the Planning and Zoning Commission recommended approval of the application.

On March 15, 1988, the Franklin County Commission issued its order granting the conditional use permit.  On April 8, 1988, petitioners filed their "Petition for Judicial Review" in circuit court.  On April 14, petitioners filed an amended petition.  Neither petition was verified.  All respondents filed answers.

After a hearing, the trial court found it was without jurisdiction "over the subject matter in dispute because the specific statutory provisions for review were not followed."  Therefore, the trial court dismissed the petition.

## II. Jurisdiction

■ Respondents challenge not only the jurisdiction of the circuit court, but of this court as well. Our jurisdiction, if it exists at all, derives from the jurisdiction of the circuit court. *Miller v. Browning–Ferris Indus.*, 674 S.W.2d 150, 152 (Mo.App.W.D. 1984). Respondents claim we do not have jurisdiction, because petitioners "failed to exhaust all administrative remedies in that they did not comply with Section 64.870, R.S.Mo. (1965) in appealing to the County Board of Zoning Adjustments prior to the filing of the instant case in the Circuit Court."

We look first at § 64.870,\* which declares a county board of adjustment shall have "the following powers and it shall be its duty:

(1) To hear and decide appeals where it is alleged there is error of law in any order, requirement, decision or determination made by an administrative official in the enforcement of the county zoning regulations;

(2) To hear and decide all matters referred to it or which it is required to determine under the zoning regulations adopted by the county commission as herein provided;

(3) Where, by reason of exceptional narrowness, shallowness, shape or topography or other extraordinary or exceptional situation or condition of a specific piece of property, the strict application of any regulation contained adopted under sections 64.845 to 64.880 would result in peculiar and exceptional difficulties to or exceptional and demonstrable undue hardship upon the owner of the property as an unreasonable deprivation of use as distinguished from the mere grant of a privilege, to authorize, upon an appeal relating to the property, a variance from the strict application so as to relieve the demonstrable difficulties or hardships, provided the relief can be granted without substantial detriment to the public good and without substantially impairing the intent, purpose, and integrity of the

zone plan as embodied in the zoning regulations and map."

Pursuant to § 64.870, the Franklin County Commission appointed a county board of adjustment. In § 11.4 of the Franklin County Zoning Order, the County Commission gave the Board of Adjustment the identical powers and duties authorized by § 64.870. As a result, the Franklin County Board of Adjustment has the potential power to hear appeals in three areas.

First, under sub-section (1), a board shall hear appeals from "any order, requirement, decision or determination made by an administrative official." Here, the "decision or determination" was made by the County Commission, not the administrative official (called in the Franklin County Zoning Order the "Zoning Enforcement Officer"). Because the County Commission is not an "administrative official," the Board was neither authorized nor required to hear the appeal under sub-section (1).

Second, under sub-section (2), a board is required to "hear and decide all matters referred to it or which it is required to determine under the [county zoning order]." Under this sub-section, each county commission decides which additional matters, if any, are to be heard by a board of adjustment. To determine whether a board has a responsibility to hear an appeal under this sub-section, the particular county's zoning order must be examined.

An examination of the Franklin County Zoning Order discloses there is no requirement that the Board hear appeals from the County Commission's grant of a conditional use permit. Nor did the County Commission refer this conditional use application to the Board. Thus, since the County Commission did not refer the matter to the Board, and the Board was not required by the county zoning order to determine the appeal, sub-section (2) is not applicable.

Finally, under sub-section (3), a board is granted authority to authorize variances when certain conditions exist. Here, no one was seeking a "hardship" variance. Thus, the Board was neither authorized nor

---

\* All statutory references are to RSMo 1986, unless otherwise noted.

required to hear the appeal under this sub-section.

Although § 64.870 and the Franklin County Zoning Order do not require an appeal of the conditional use permit to the Board of Adjustment, respondents contend otherwise. They say prior case law requires petitioners to appeal to a board of adjustment before seeking review in circuit court. In support of their contention, they cite *Miller; American Hog Co. v. County of Clinton,* 495 S.W.2d 123 (Mo.App.W.D. 1973); and *State ex rel. Cass County v. Dandurand,* 759 S.W.2d 603 (Mo.App.W.D. 1988).

We first observe none of the cited cases involve an appeal from a county commission order. Rather, the appeals were from decisions rendered either by a county planning commission or a county planning and zoning commission. As such, they are not controlling.

In *Miller,* the appellate court was reviewing § 64.660, RSMo 1978, which in many respects is similar to § 64.680. Miller, seeking the review of the Platte County Planning Commission's decision granting a special use permit for a landfill, filed a petition for review with the circuit court. The *Miller* court held that under § 64.660.1, "a board, commission, or other public official, if aggrieved, may appeal to the county board of zoning adjustment just as any aggrieved owner, lessee or tenant." *Miller,* 674 S.W.2d at 157.

To the extent that *Miller* can be read to say that *all* appeals must first go to the board of adjustment, we disagree. Section 64.660.1 permits appeals to a board of adjustment by those "affected by any *decision of the administrative officer* in administering a county zoning ordinance." (emphasis added). Thus, except as authorized by § 64.660.1(2) and (3), this language limits the appeals to decisions made by the administrative officer, or as referred to in the Franklin County's Zoning Order, the "Zoning Enforcement Officer."

In *American Hog,* the Clinton County Planning Commission found American Hog was in violation of its Zoning Order and Subdivision Regulations. Instead of ap-pealing, American Hog applied to have the property rezoned. When its request was denied, American Hog then sought a declaratory judgment that its operation was permissible as a nonconforming use.

The court in *American Hog* held that a party may not escape the "special statutory method of appeal" and obtain relief by seeking a declaratory judgment. *American Hog,* 495 S.W.2d at 127. *American Hog* is not applicable to the facts before us.

Finally, in *Dandurand,* the Cass County Zoning and Planning Commission granted a special use permit for the operation of a sanitary landfill. Seven adjacent land-owners filed a petition for review with the circuit court. In a footnote, the *Dandurand* court stated: "Section 64.660.2 ex-pressly provides the method for review of actions taken under §§ 64.510 to 64.690 and that method is exclusive." *Dandurand,* 759 S.W.2d at 604 n. 2. We have no quarrel with that statement; however, under § 64.870 and the Franklin County Zoning Order, petitioners were not required to appeal the Franklin County Commission's decision to the Board of Adjustment.

Further support for this conclusion can be found in § 64.870.2, which basically also appears as § 13.4 of the Zoning Order. Section 64.870.2 provides:

"Any owners, lessees or tenants of buildings, structures or land jointly or severally aggrieved by any decision of the board of adjustment *or of the county commission,* respectively, under the provisions of sections 64.845 to 64.880, ... may present to the circuit court of the county in which the property affected is located a petition...." (emphasis added).

Here, the decision to grant the conditional use permit was made by the County Commission. The circuit court had jurisdiction to hear that appeal.

■ One final comment is in order. Section 64.870 does not require all boards of adjustment to hear all appeals before an appellant can proceed to the circuit court. Boards of adjustment are required to hear appeals under §§ 64.870.1(1) and (3). However, under § 64.870.1(2), each county com-

mission determines what matters go to a board of adjustment, either by way of a zoning order or by specific referral. Those decisions rest with each county commission, and each county commission is permitted, within the statutory authority, to decide which matters go to the board of adjustment. As previously noted, the Franklin County Commission did not provide that the Board must hear appeals from the granting of conditional use permits.

### III. Time Limit

■ Petitioners contend "[t]he trial court erred in finding [it lacked jurisdiction because] more than 30 days had elapsed between the entry of the Franklin County Commission's Order granting the conditional use permit and the filing of petitioners' petition for review...." We agree.

Appeals from county commission orders are conducted under the provisions of Chapter 536, RSMo. § 49.230. Under § 536.100, "Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case ... shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute...."

Here, § 64.870 provides another means of judicial review. However, because Chapter 64 specifies no time limits, we look to § 536.110. *See Dandurand,* 759 S.W.2d at 605. Section 536.110 sets a thirty-day time limit.

The County Commission's Order was issued during its "February Term, 1988." A quick look at the order makes it appear as if the order was granted on February 15. However, a closer reading indicates the order was granted March 15, 1988. Respondents tacitly acknowledge the March 15 date by agreeing to petitioners' statement of facts, which reflects the March 15 date.

Petitioners filed their "Petition for Judicial Review" on April 8, 1988; the amended petition was filed on April 14. The petition was timely filed.

### IV. Writ of Certiorari—Verification

■ The trial court also found it lacked jurisdiction because "[c]learly, Section 64.-870.2 requires the review in the circuit court to be by writ of certiorari and not by a new proceeding." On appeal, respondents assert that petitioners' appeal is defective because petitioners "have failed to comply with Section 64.870.2 by presenting to the Court an unverified Petition."

In 1988, our supreme court decided *Drury Displays, Inc. v. Bd. of Adjustment,* 760 S.W.2d 112 (Mo. banc 1988). In *Drury,* the court analyzed the verification requirement of § 89.110. That section sets forth the procedure for appealing decisions by *municipality* boards of adjustment. § 89.110. Sections 89.110 and 64.870 both require appellants to present petitions "duly verified." Therefore, the supreme court's analysis of the verification requirement in *Drury* is applicable here.

In *Drury,* the court ruled "the filing of an unverified petition is sufficient to permit a relation back upon filing a properly verified petition or amendment to the original." *Id.* at 114. It found the filing of an unverified petition serves to give the opposing party notice of the litigation. *Id.* "Further, the verification requirement is designed to 'assure the truth of the pleading.'" *Id.* (citation omitted). "Allowing a petition to be verified by amendment does no violence to either [the notice or the truth objective]." *Id.*

Respondents acknowledge *Drury's* ruling. However, they assert the ruling is not applicable, because "the legal record is void of any attempt by Petitioners to file a verification to either their first petition for judicial review, or their amended petition."

In November of 1990, our supreme court once again ruled on a verification requirement. *Federated Mortg. & Inv. Co. v. Jones,* 798 S.W.2d 719 (Mo. banc 1990). In *Federated Mortgage,* "[t]he circuit court found that it was without jurisdiction to proceed in a garnishment action because the underlying judgment was void for failure to comply with the verification by affidavit requirement of § 535.020, RSMo

1986, a procedure for dispossession of a tenant for nonpayment of rent." *Id.* at 720.

In that case, plaintiff's attorney signed the petition, but it "lacked a notary's jurat." The "trial court found, *sua sponte,* a lack of jurisdiction to proceed with the garnishment proceeding. [Plaintiff] appealed." *Id.* at 721.

The supreme court observed that under "the holding of *Drury Displays,* the associate circuit judge in this case would have been within his discretion to permit amendment to verify the pleading while the judgment was still within his control." *Id.* The court then focused on "whether the defect can be corrected after judgment." *Id.* It applied § 511.260(14), RSMo 1986, which provides that a judgment:

... shall not be ... impaired or in any way affected by reason of the following imperfections, omissions, defects, matters or things, or any of them, namely:
...
(14) For any other default or negligence of any clerk or officer of the court or of the parties, or of their attorneys, by which neither party shall have been prejudiced.

The supreme court stated, "The parties in this case make no claim of prejudice, and there is no basis for such a claim." *Federated Mortgage* at 721. Therefore, the judgment was "reversed and the cause remanded and ordered reinstated for further proceedings." *Id.*

Here, as in *Federated Mortgage,* respondents do not claim they were prejudiced by the lack of verification. While § 511.260(14) is not directly applicable because no judgment was rendered, the principle espoused in *Federated Mortgage* is useful. That principle is that "[a]s a general rule the verification requirement is not so strict as to make an unverified petition 'unsalvageable.'" *Id.* (quoting *Drury Displays* at 114).

The record reflects that, but for the lack of verification, the proper procedure was followed. Although the pleading was labeled a "Petition for Judicial Review," the misnomer was not fatal. *See Deffenbaugh Indus., Inc. v. Potts,* 802 S.W.2d 520, 526 (Mo.App.W.D.1990).

Pursuant to the petition for judicial review, a "Request For Transmittal Of Record" was filed. The request was directed to the County Commission. At the hearing, it was stipulated that the circuit court had before it "everything to consider that the County Commission considered." Thus, the petition here served the function of a writ of certiorari—to bring before the circuit court the data and records acted upon by the County Commission. *See* § 64.870.2.

We find the circuit court had jurisdiction. Verification may be supplied by amendment.

We reverse and remand for further proceedings.

PUDLOWSKI, P.J., and KAROHL, J., concur.