STATE of Missouri, ex rel., Bruce KOEWING, Relator/Appellant,

v.

FRANKLIN COUNTY BOARD OF ZONING ADJUSTMENT, Respondent/Respondent.

No. 58856.

Missouri Court of Appeals, Eastern District, Division One.

May 28, 1991.

Carlson & Associates, Frank K. Carlson, Union, for relator/appellant.

Mark S. Vincent, Union, for respondent/respondent.

KAROHL, Judge.

Landowner and relator, Bruce Koewing, appeals from dismissal of his "Petition for Writ of Certiorari" filed on May 30, 1989,

to avoid a decision of the Franklin County Board of Zoning Adjustment which denied his real estate the status of a non-conforming use. The court sustained respondent's motion to dismiss "for failure to file appeal within time." The motion alleged: (1) the "Board of Zoning Adjustment Certification of Decision" was mailed to landowner on April 26, 1989; (2) § 536.110.1 RSMo 1986 requires a petition for review to be filed within thirty days after the mailing; and (3) landowner's petition was filed thirty-three days after the mailing which deprived the trial court of jurisdiction. The trial court ruled: "[T]he 30 day time limit for filing an appeal fixed by Section 536.110 applies to Section 64.870 [1]. Therefore, relator's petition is untimely and does not vest this court with jurisdiction to consider his request."

The trial court considered landowner's petition as an appeal or petition for review of a decision of the County Board of Zoning Adjustment. All such appeals or petitions for review must be filed within thirty days. Landowner contends: (1) his suit is not an appeal or petition for review but a petition for declaratory relief; and, in the alternative, (2) it was timely filed. We must reject the second alternative. *R.B. Indus., Inc. v. Goldberg*, 601 S.W.2d 5 (Mo. banc 1980) is controlling and fully disposes of landowner's argument. The decisive issue is whether landowner's suit is an appeal or a separate suit not subject to time limits in § 536.110.2. If it is an appeal, the Board of Adjustment's decision remains in dispute on the merits. If not, the decision is final but subject to the result of the separate suit. We reverse and remand.

Landowner alleges in his petition that he was aggrieved by the decision of the Board of Zoning Adjustment and the weight of the evidence before the Board proved a non-conforming use. However, he did not allege he was appealing a decision of the Board. Rather, he alleged:

3. The decision is illegal in whole or in part on the grounds specified below, and

Bruce B. Koewing hereby asks relief therefrom.

4. The Board was appointed by the County Court of Franklin County pursuant to § 64.660 RSMo 1986.

5. § 64.660 RSMo 1986 is unconstitutional, and is violative of the First, Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution, in that it establishes the Board as a board of freeholders, and Bruce B. Koewing has standing to assert the constitutional violation.

\*     \*     \*     \*     \*     \*

8. For the reasons stated herein, the Board was without jurisdiction to enter the decision complained of in this cause.

The narrow questions are: (1) whether this petition is an appeal requesting a review of the decision of the Board of Zoning Adjustment or a petition for declaratory relief, and (2) whether an appeal or review was landowner's exclusive remedy. If the petition was for review or an appeal, then the petition was filed late and the order dismissing the petition on that ground must be affirmed. Because the dismissal was based on the procedural ground, the trial court did not reach and did not decide the constitutional challenge to § 64.660. We, therefore, have jurisdiction to consider the question of law whether the court properly dismissed the petition which the court found was an appeal.

The following cases are cited by the parties and evidently were considered by the trial court. The court in *State ex rel. Day v. County Court of Platte County*, 442 S.W.2d 178 (Mo.App.1969) considered a suit brought by abutting landowners to review a rezoning order of the county court and for a Writ of Certiorari. Plaintiffs argued a petition filed under § 64.660.2 RSMo 1959 was not limited by § 536.110 RSMo 1959. The landowner who obtained the rezoning was not named by aggrieved, abutting landowners in their petition. Landowner

---

1. For purposes of this opinion we consider § 64.660 RSMo Cum.Supp.1990 and § 64.870 RSMo Cum.Supp.1990 as one. They are identical but may apply to different classes of coun-

ties. The petition relates to § 64.660. The decision mentions only § 64.870. The legal issues are the same.

filed a motion to dismiss relying on the thirty day limitation for administrative review proceedings, § 536.110 RSMo 1959. The *Day* court affirmed dismissal by the trial court because the petition was filed late. It observed the provisions of § 64.660 provide for judicial review. *Id.* at 182. "However, it is not a complete provision for review in that it does not contain any time limit for filing the petition nor does it provide for notice to necessary and indispensable parties." *Id.* The court referred to the thirty day time limit in the Administrative Procedure Act and applied it by reading § 64.660 in pari materia with § 536.110. The court did not consider the appeal was from a legislative enactment granting rezoning and not properly subject to administrative review for that reason. Nor did it consider a distinction between an appeal or review and a separate suit even though the petition requested both a review and certiorari.

The court in *American Hog Co. v. County of Clinton*, 495 S.W.2d 123 (Mo.App. 1973) considered a petition for declaratory judgment filed by landowner seeking the right to operate a hog-feeding farm as a non-conforming use. Clinton County filed a motion to dismiss on the ground that plaintiff failed to follow the proper statutory procedure under § 64.660 RSMo 1969. The county also defended on the merits. The trial court found in favor of the county on the merits without ruling on the motion to dismiss. On appeal the court found landowner had not followed the prescribed procedure set out in § 64.660. *Id.* at 126. It ruled the procedure set forth was a matter of jurisdiction. *Id.* at 125. It held landowner was not authorized by the procedure *it* adopted, relying on § 536.050 [declaratory judgment respecting validity of a rule or threatened application of a rule] and § 527.020 [the general Declaratory Judgment Act]. *Id.* at 126. Landowner should have presented its grievance with the decision of the planning commission to the County Board of Zoning Adjustment before a court petition, but did not. For failure to comply with the step-by-step requirements of § 64.660, landowner was denied relief.

In *Ford v. Boone County*, 654 S.W.2d 169 (Mo.App.1983), neighboring landowners appealed an order of the circuit court dismissing their petition to appeal an order of the Court of Boone County rezoning a tract. The court granted dismissal on the basis of § 49.230 RSMo 1978. This section was repealed and was replaced in 1985 by provisions for appeal only from decisions, findings and orders of county commissions. The 1978 version allowed ten days to appeal. Plaintiffs filed their petition more than ten, but less than thirty days after the rezoning order of the county court. The trial court dismissed the petition on the basis of the ten day limitation contained in § 49.230 RSMo 1978. The court reversed after finding that the provisions of § 64.870.2 should be read in pari materia with the provisions of § 536.110 so as to provide a thirty day period "for review." *Id.* at 171. The thirty day provisions were chosen in preference to the ten day provisions because § 49.230 RSMo 1978 was a general statute where § 64.870.2 specifically provides for relief for parties aggrieved by zoning decisions. *Id.* at 172. A specific statute prevails over a general one. *Id.*

In *Miller v. Browning–Ferris Industries*, 674 S.W.2d 150 (Mo.App.1984) (application for transfer denied by Supreme Court) the court considered an appeal from an order of a planning commission granting a special use permit for operation of a sanitary landfill. The trial court dismissed because it found petitioners lacked capacity to appeal because they were not aggrieved parties who sustained any special injury. Respondent landowner, who successfully obtained the use permit, claimed on appeal the trial court lacked jurisdiction because petitioners failed to follow the statutory procedure prescribed in § 64.660 RSMo 1978. Petitioners, in an effort to stay in court and upset the grant of a special use permit, claimed they were entitled to a remedy of review within Chapter 536.

The court held the trial court was without jurisdiction and dismissed the appeal on that ground. *Id.* at 157. The court concluded the provisions of § 64.660 were mandatory with the result that an appeal to the County Board of Zoning Adjustment

was required by an aggrieved party before suit in the trial court under the provisions of § 64.660 RSMo 1978. *Id.* The court also said: "It follows also that review under Chapter 536 is not allowable herein because of the exclusion for such review provided within § 536.100, RSMo 1978 and Rule 100.03 because § 64.660 'otherwise provides' for judicial review." *Id.* The court also said its ruling should not be construed to prohibit petitioners from proceeding "if they so choose *in a separate action* to challenge the authority of second class counties to issue special use permits," an issue not reached because the appeal was dismissed. *Id.* (Our emphasis).

This court in *Salameh v. County of Franklin,* 767 S.W.2d 66 (Mo.App.1989) considered trial court dismissal of a petition which alleged the Franklin County Commission acted arbitrarily, unreasonably and unconstitutionally in denying a petition for rezoning by plaintiffs. Therein, we discussed the holding in *Ford v. Boone County,* 654 S.W.2d at 169, which required a petition for review of a county commission zoning order to be filed within thirty days because of the provisions of § 64.870.2 RSMo 1978 and provisions of § 536.110, read in pari materia. However, in *Salameh,* we found the petition for declaratory judgment was not an appeal or petition for review. *Id.* at 167. Rather, it sought a declaration that an existing zoning ordinance, as applied to petitioner's property, was arbitrary, unreasonable, and an unconstitutional deprivation of their property rights. *Id.* We reasoned that because the petition questioned the legislative function of zoning and rezoning it was properly a declaratory judgment suit and not a petition for review under the Administrative Procedure Act. Accordingly, "since [petitioners'] action is not an appeal from the denial of their rezoning application, it is not governed by § 49.230 [RSMo 1986] which provides '[a]ppeals from the decisions, finding, and orders of county commissions shall be conducted under the provisions of Chapter 536 RSMo.'" *Id.* at 168. We held it was error to apply the thirty day time limitation of § 536.110 to the separate action of declaratory judgment. *Id.*

In addition to the cases relied on by the parties, we take notice of *Hernreich v. Quinn,* 168 S.W.2d 1054 (Mo. banc 1943). The court ruled a party aggrieved by a zoning decision must exhaust its administrative remedies before it can resort to an action at law or in equity. *Id.* at 1058.

We learn from these cases that parties relying on § 64.660 or § 64.870 for review or appeal of administrative decisions must comply with § 536.110. However, in the present case landowner alleged but does not rely on either of these sections.

The petition alleges § 64.660 establishes the Franklin County Zoning Board as a board of freeholders. He contends the statute is unconstitutional on the authority of *Quinn v. Millsap,* 491 U.S. 95, 109 S.Ct. 2324, 105 L.Ed.2d 74 (1989). If so, the order of the Board denying a pre-existing use variance is void. This issue was not before the board for decision. The board could not have decided the issue of constitutionality of the statute authorizing its existence. We find the petition is not for review of the order of the board on the merits; it is not an appeal. Landowner did not seek an administrative review. Accordingly, he is not barred by the provisions of § 64.660 and § 536.110 read together. The thirty day limitation does not apply.

The trial court erred in dismissing the petition solely on the basis of failure to timely file an appeal. It did not consider issues of sufficiency of petition or a requirement other parties may be necessary where constitutionality of a statute is alleged. We do not address those issues.

We reverse and remand.

PUDLOWSKI, P.J., and GRIMM, J., concur.