GREEN HILLS SOLID WASTE MAN-AGEMENT AUTHORITY, and Missouri Municipalities of Blythedale, Grant City, Bethany, Hamilton, Pattonsburg, Cainsville, Gilman City and Mount Moriah, Appellants,

v.

MADISON TOWNSHIP PLANNING AND ZONING COMMISSION (Mercer County, Missouri), Respondent.

No. WD 47510.

Missouri Court of Appeals, Western District.

Oct. 4, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1995.

Erwin L. Milne, Jefferson City, for appellants.

James G. Trimble, Gunn, Shank & Stover, Kansas City, for respondent.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

ULRICH, Judge.

Green Hills Solid Waste Management Authority (Green Hills), a political entity of the State of Missouri created by Chapter 70, RSMo, comprised of thirteen Missouri municipalities, appeals the circuit court's order

dismissing its declaratory judgment petition for failure to exhaust administrative remedies before filing suit. Green Hills sought the trial court's judgment that it satisfied the requirements of section 65.665, RSMo Supp. 1990, for overruling the Madison Township Planning and Zoning Commission's disapproval of Green Hills' solid waste landfill proposal and for judicial determination of the validity of the Madison Township Zoning Regulations. The issue presented on appeal is whether Green Hills failed to exhaust administrative remedies before filing its declaratory judgment action.

Thirteen municipalities created Green Hills in 1989 to purchase land in Mercer County for use as a nonhazardous solid waste landfill.[1] Pursuant to section 70.240, RSMo 1986, Green Hills purchased land in Mercer County for use as a nonhazardous solid waste landfill. The land was purchased through a related Missouri corporation, Green Hills Rural Development, Inc., using funds provided by the thirteen municipalities. The land was purchased in August 1989, and is located in rural unincorporated Mercer County within the boundaries of Madison Township. Countywide zoning requirements or ordinances do not exist in Mercer County.

The Commission adopted "comprehensive planning and zoning regulations" for Madison Township on February 27, 1991. The regulations were amended on September 17, 1991. The regulations require that to receive authorization to construct a nonhazardous waste landfill in Madison Township, the applicant must: (1) obtain a surety bond in the amount of $500,000; (2) provide on-site recycling of thirteen items; (3) comply with the National Environmental Protection Policy Act of 1969 (NEPA, 42 USC § 4332) and the National Historic Preservation Act (NHPA, 16 USC § 470a), where the Commission determines that a "proposed land use" poses a threat to Indian burial remains; and (4) provide a one-mile set back from any residential district or farm dwelling for such landfill.

On May 3, 1991, Green Hills submitted plans to the Commission for a proposed nonhazardous waste landfill in Mercer County pursuant to section 65.665, RSMo 1990, and section 503 of the Township Zoning Regulations for zoning variances[2] and sought a special use permit to allow Green Hills to operate a nonhazardous solid waste landfill upon the site.[3] On July 24, 1991, the Commission conducted a hearing, and the applicant was notified on July 29, 1991, that the Commission had denied Green Hills' application on July 25, 1991. Green Hills filed a request for rehearing and a notice of appeal with the Commission directed to the Madison Township Board of Zoning Adjustment. Both were withdrawn.

Subsequent to the Commission's decision, eight members of Green Hills' Board of Directors voted to overrule the Commission's disapproval of Green Hills' landfill plans, denial of the application for variances, and the special use permit request, and they identified the proposed landfill as a public improvement project. The board's disapproval was expressed in the form of Resolution 1–91. The resolution was later ratified by an additional city for the purpose of complying with section 65.665. The minutes of the meeting and the reasons for the board's vote to overrule the Commission's denial were conveyed to the Commission in an attempt to comply with section 65.665.

On August 27, 1991, Green Hills filed its application for an operating permit with the Missouri Department of Natural Resources, Solid Waste Management Program (DNR), pursuant to the Missouri Solid Waste Management Law, section 260.200–260.345, RSMo1986. The application was returned to Green Hills on October 28, 1991, because it

1. The thirteen municipalities comprising Green Hills include: Blythedale, Grant City, Bethany, Albany, Hamilton, Pattonsburg, Cainsville, Gilman City, Mount Moriah, Princeton, New Hampton, Jamesport, and Gallatin.

2. Green Hills concedes on appeal that the variance request submitted to the Commission in May 1991 was inappropriate because Section 65.690(1)3 requires such requests to be submitted to the Board of Zoning Adjustment.

3. The Madison Township Planning and Zoning Commission (Commission) is a township planning and zoning commission created pursuant to chapters 65, RSMo, to serve Madison Township, Mercer County. The Commission is composed of four Mercer County residents.

did not include evidence that Green Hills had complied with the Commission's local zoning requirements.

Green Hills filed its declaratory judgment action on January 31, 1992. The Commission filed its motion to dismiss, and the motion was sustained. Green Hills filed its notice of appeal.

Green Hills raises several points on appeal. However, because of the disposition taken by this court, the sole issue addressed on appeal is whether the trial court properly dismissed Green Hills' declaratory judgment action for lack of jurisdiction on the basis that Green Hills failed to exhaust its administrative remedies.

The Commission claims the trial court did not have jurisdiction because Green Hills failed to exhaust all of its administrative remedies by appealing the Commission's decision to the Madison Township Board of Zoning Adjustment (BZA) as required by section 65.690, RSMo Supp.1990. Section 65.690 sets forth, in pertinent part, the following powers and duties of the BZA:

(1) To hear and decide appeals where it is alleged there is an error of law in any order, requirement, decision or determination made by an administrative official in the enforcement of the township zoning regulations;

(2) To hear and decide matters referred to it or which it is required to determine under the zoning regulations adopted by the township board as herein provided....

The Commission cites *American Hog Co. v. County of Clinton*, 495 S.W.2d 123 (Mo. App.1973), and *Miller v. Browning–Ferris Industries*, 674 S.W.2d 150 (Mo.App.1984),

for support of its contention that Green Hills was required to appeal the Commission's decision to the BZA. Both *American Hog Co.* and *Miller* involved appeals from decisions of county planning commissions. In this case, however, Green Hills is not appealing the decision of the Commission. Rather, Green Hills has filed a declaratory judgment action to challenge, inter alia, the validity of the zoning regulations and for a determination that Green Hills complied with local zoning requirements.[4] Therefore, *American Hog Co.* and *Miller* are not controlling.

■ Subsections (1), (2) and (3) of section 65.690 grant powers to the BZA. Subsection (1) addresses appeals from decisions made by an administrative official enforcing township zoning regulations. Although in *American Hog Co.* and *Miller*, this court construed analogous statutes to include appeals from decisions of county planning commissions, this case does not involve an appeal from the Commission's decision. Subsection (1) does not apply in this case.

■ Green Hills contends that it was not required to appeal to the BZA because the Commission failed to refer the matter to the BZA pursuant to subsection (2) of 65.690.[5] Nothing in the record indicates that the Commission referred the matter to the BZA. Nor is there any provision in the Madison Township zoning regulations that requires the BZA to determine this matter. As such, subsection (2) is not applicable either.

In view of the foregoing and because Green Hills' action is a petition for declaratory judgment and not an appeal from a decision of the Commission, this court finds that

---

4. In finding that the suit filed by Green Hills was an action for declaratory judgment rather than an appeal from the Commission's decision, this court looked to the allegations of the petition. *See State ex rel. Koewing v. Franklin County Bd.*, 809 S.W.2d 874, 875 (Mo.App.1991) (court found that landowner's petition challenging constitutionality of statute sought declaratory relief and was not an appeal from decision of BZA); *see also Salameh v. County of Franklin*, 767 S.W.2d 66 (Mo.App.1989) (trial court erred in construing plaintiffs' petition for declaratory judgment as an appeal from Commission's order denying application for rezoning where petition alleged that zoning order as applied to plaintiffs' property was arbitrary, unreasonable and an unconstitu-

tional deprivation of their property rights). In the instant case, Green Hills alleged, inter alia, that the zoning regulations are unreasonable, arbitrary, discriminatory, confiscatory and an unconstitutional deprivation of Green Hills' property rights. Green Hills also requests a determination of its rights under section 65.665, RSMo Supp.1990. As such, an action for declaratory relief was proper.

5. A factual dispute exists as to whether a Board of Zoning Adjustment existed at the time that Green Hills submitted its landfill proposal to the Commission.

Green Hills was not required to pursue the administrative remedy of appealing the Commission's decision to the BZA.[6]

■ The Commission also claims that Green Hills failed to exhaust its administrative remedies by failing to appeal the DNR's denial of its state permit pursuant to section 260.235.[7] This issue was presented to this court in *City of St. Peters v. Department of Natural Resources,* 797 S.W.2d 514 (Mo.App. 1990). In *St. Peters,* the plaintiff applied to the DNR for a permit to operate a solid waste disposal area and recycling center on county property. As in the instant case, DNR returned the permit application to the plaintiff as incomplete for failure to demonstrate compliance with local zoning requirements. The plaintiff then filed suit pursuant to section 536.150.1 RSMo against DNR seeking a declaratory judgment that it was exempt from the local zoning requirements. *Id.* at 515. The circuit court dismissed the action on the basis that the plaintiff had failed to exhaust its administrative remedies, and the plaintiff appealed. This court dismissed the appeal on the same basis and concluded that the plaintiff could not bring a judicial action without first requesting a hearing from the DNR upon denial of the application pursuant to section 260.235. *Id.* at 517.

In *St. Peters,* this court held that the return of the application to the plaintiff as incomplete constituted a "decision of the agency" which triggered the provisions for review under section 260.235, RSMo 1986. Section 260.235 sets forth the procedure for administrative review of "any person aggrieved by the ... denial of ... [a] permit." That section provides that the applicant may request a hearing with the DNR within thirty days of notice of such action. The plaintiff in *St. Peters* did not seek a hearing with the DNR before filing its suit for declaratory

judgment with the circuit court. As such, this court held that the trial court properly dismissed the suit on the basis that the plaintiff had failed to exhaust its administrative remedies. *Id.* at 517.

In the present case, it is disputed whether Green Hills exhausted its administrative remedies by appealing the denial of its state permit application to the DNR pursuant to section 260.235. The Commission argues that Green Hills failed to appeal DNR's decision. Green Hills concedes that appeal of the return of its application is required pursuant to section 260.235 and claims that it complied by requesting a hearing upon denial of its permit by the DNR. Green Hills claims that "the DNR ordered Green Hills to obtain a declaratory judgment stating that Section 65.665 RSMo made Green Hills immune from the zoning regulations." However, no evidence exists in the record, other than Green Hills' assertions, to support the claim. Neither is there evidence in the record to indicate that Green Hills requested a hearing with the DNR within thirty days of the denial of its permit. Green Hills' petition for declaratory judgment simply states the following:

> Plaintiff Green Hills has not received an operating permit from the Missouri Department of Natural Resources and believes and therefore alleges that no such permit will be issued for Plaintiff until Plaintiff receives a judicial determination of the necessity of Plaintiff's receiving a zoning permit from Defendant for the nonhazardous solid waste landfill.

Because the record is devoid of evidence to support Green Hills' contention that it complied with section 260.235, insufficient evidence is presented for this court to make such determination. Therefore, the case

---

6. The Commission also claimed that Green Hills failed to appeal to the circuit court by writ of certiorari within the 30–day time limitation required by Section 536.110. However, that statute applies to appeals from final administrative decisions. In the instant case, Green Hills is not appealing the decision of the Commission. Since the action taken by Green Hills is not an appeal from the denial of its permit application, the 30–day time limitation does not apply. *See*

*State ex rel. Koewing v. Franklin County Bd.,* 809 S.W.2d 874 (Mo.App.1991).

7. Although the Commission did not raise this point in its motion to dismiss, this court may take cognizance of issues relating to jurisdictional matters, sua sponte, if necessary. *American Hog. Co. v. County of Clinton,* 495 S.W.2d 123, 125 (Mo.App.1973).

must be remanded for additional proceedings.

If Green Hills requested a hearing with DNR within thirty days of the denial of its state permit and a final decision was rendered by DNR, Green Hills exhausted its administrative remedies, and the trial court has jurisdiction to consider the merits of Green Hills' claim for declaratory relief. If, however, Green Hills did not request a hearing within thirty days, or if a final decision was not rendered by DNR, Green Hills failed to exhaust its administrative remedies prior to bringing judicial action, the trial court was without jurisdiction, and the action must be dismissed.

Therefore, upon remand, if the trial court finds that Green Hills requested a hearing within thirty days of the denial of its state permit, the trial court shall then determine whether a final decision was obtained before determining whether Green Hills exhausted its administrative remedies. If the trial court determines that Green Hills has exhausted its administrative remedies, the trial court has jurisdiction to consider the merits of Green Hills' claim for declaratory relief.

The dismissal of Green Hills' petition is reversed, and the cause is remanded for further proceedings consistent with this opinion to determine whether Green Hills complied with section 260.235.

All concur.